MATY, ADMINISTRATRIX, *v.* GRASSELLI
CHEMICAL CO.

No. 378. Argued February 3, 1938.—Decided February 14, 1938.

*Mr. Thomas F. Gain,* with whom *Messrs. Charles L. Guerin, Mario Turtur,* and *Francis Shunk Brown* were on the brief, for petitioner.

*Mr. Louis Rudner,* with whom *Mr. Carl E. Geuther* was on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Petitioner (plaintiff) filed a complaint alleging that he was injured while employed in the silicate department of respondent's (defendant's) chemical plant. Later, and more than two years after the date of his injuries, he amended his complaint. The only effect of the amend-

ment was to broaden the description of the place of employment where the injuries were sustained so as to include the phosphate department located in the same plant but in a different building 500 feet removed from the silicate department.

The sole question is: Did the New Jersey statute of limitations of two years bar the amendment because it set out a new cause of action?

The cause, originally brought in the New Jersey State Court, was removed, because of diversity of citizenship, to the District Court for New Jersey, where a verdict for plaintiff was set aside and judgment entered for defendant. The Court of Appeals affirmed, holding that the amendment to the complaint set out a new cause of action and was barred by the New Jersey statute of limitations.[1]

The pertinent part of the New Jersey statute of limitations reads:[2]

". . . all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any . . . corporation or corporations within this State, *shall be commenced and instituted within two years next after the cause of such action shall have accrued and not after.*"

The original complaint alleged:

"1. The plaintiff was in the employ of the defendant in the month of *November, 1933, and for some time prior thereto* at defendant's plant in Grasselli, County of Union and State of New Jersey.

"2. The plaintiff was employed by the defendant as furnace man, operator and general worker in the Silicate Department of defendant's plant."

---

[1] 89 F. (2d) 456. While the cause was pending in the Court of Appeals, the plaintiff died and his wife, the present plaintiff, was substituted as Administratrix. Both are referred to as petitioner (plaintiff).

[2] 3 N. J. Comp. St. 1910, p. 3164, § 3; P. L. 1896, p. 119.

The complaint further alleged that plaintiff was injured while so employed by inhaling gases or injurious substances proximately caused by respondent's failure to protect plaintiff from unnecessary dangers and to provide plaintiff a reasonably safe place in which to work.

The amendment—added more than two years after the injuries were sustained—caused Paragraph 2 of the complaint to read as follows:

"2. The plaintiff was employed by the defendant as furnace man, operator and general worker in the Silicate Department of defendant's plant *and was also employed in other Departments of the defendant's plant where he performed his duties as he was directed to do during his employment in the Phosphate Department and Dorr department.*" (New matter represented by italics.)

This amendment did not change plaintiff's cause of action. The original action was brought for injuries sustained by inhaling harmful substances while the plaintiff was in the defendant's employ previous to and including November 1933. The essentials of this cause of action were employment; injury by or from harmful gases or substances while engaged in the employment; and proof that the injuries resulted from the negligent failure of defendant to protect plaintiff from unnecessary dangers and to provide plaintiff with a reasonably safe place in which to work. The responsibility of respondent was the same whether the harmful gases or substances were inhaled in the silicate department, the phosphate department, the Dorr department or any other department where plaintiff was performing his duties under his employment. It is not reasonably possible to say that petitioner's right of recovery under the original complaint and under the amended complaint were two separate and distinct causes of action. Petitioner can have only one recovery for the one single injury alleged as a result of a breach of one continuing duty under one continuous employment.

The New Jersey Court of Errors and Appeals very clearly declared that State's rule applying to the operation of its statute of limitations, in 1935, as follows:

". . . amendments in causes where the statute of limitations has run, . . . 'will not, as a rule, be held to state a new cause of action *if the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter more fully and differently laid, or if the gist of the action, or the subject of the controversy remains the same;* and this is true although . . . the alleged incidents of the transaction, may be different. *Technical rules will not be applied in determining whether the cause of action stated in the original and amended pleadings are identical,* since, in the strict sense, almost any amendment may be said to change the original cause of action.' " [3]

Under this rule laid down by the New Jersey Court, as to New Jersey's statute of limitations, the amended complaint here substantially alleged the same wrong as the original complaint; relied upon the identical matter *more fully and differently laid;* and the essential elements of the action and the controversy remained the same between the parties after as before the amendment.

Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. The original complaint in this cause and the amended complaint were not based upon different causes of action. They referred to the same kind of employment, the same general place of employ-

---

[3] *Magliaro* v. *Modern Homes, Inc.,* 115 N. J. L. 151, 156–157; 178 A. 733, 736; *O'Shaughnessy* v. *Bayonne News Co.,* 154 A. 13; 9 N. J. Misc. 345, 347; and see, *New York Central & H. R. R. Co.* v. *Kinney,* 260 U. S. 340; and *United States* v. *Memphis Cotton Oil Co.,* 288 U. S. 62.

ment, the same injury and the same negligence. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment. The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant. The New Jersey statute of limitations did not bar the amended cause of action. The court below was in error. Since the judgment of the Court of Appeals was based only on a consideration and improper application of the statute of limitations, the cause is reversed and remanded to the Court of Appeals for further proceedings in harmony with these views.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.