STEWART-WARNER CORPORATION v. LINCOLN ENGINEERING CO. OF ILLINOIS.

No. 15037.

District Court, N. D. Illinois, E. D.

March 9, 1938.

Williams, Bradbury, McCaleb & Hinkle and Lynn A. Williams, all of Chicago, Ill., for plaintiff.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., and Leonard L. Kalish, of Philadelphia, Pa., for defendant.

SULLIVAN, District Judge.

January 31, 1936, complaint was filed in this case by Stewart-Warner Corporation v. Lincoln Engineering Company, charging infringement of Gullborg patent, No. 1307734.

February 6, 1936, defendant filed its motion for bill of particulars.

February 12, 1936, plaintiff filed its bill of particulars.

February 20, 1936, defendant filed its answer.

March 23, 1937, the case was set down for trial on June 9, 1937, but was later continued to July 9, 1937.

May 11, 1937, defendant asked leave to amend its answer and to file counterclaim.

The case is now set for trial April 18, 1938, before Judge Barnes, but is before me on plaintiff's objections to defendant's motion for leave to amend the answer and file the counterclaim.

Section 69 of title 35 U.S.C.A. provides: "In any action for infringement the defendant may plead the general issue, and, having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters."

Then follow five special matters of defense, and the section then concludes: "And in notices as to proof of previous invention, knowledge, or use of the thing patented, the defendant shall state the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used; and if any one or more of the special matters alleged shall be found for the defendant, judgment shall be rendered for him with costs. And the like defenses may be pleaded in any suit in equity for relief against an alleged infringement; and proofs of the same may be given upon like notice in the answer of the defendant, and with the like effect.".

Defendant contends that in paragraph 11 of its original answer it not only set up special matters of defense, but also therein gave notice of its intention to add the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the things patented, and where and by whom said things had been used, by saying that "defendant prays leave to insert such names, numbers, dates and addresses in this answer by amendment thereto."

Defendant contends that this is compliance with the provision of the statute that notice shall be given in the answer thirty days before trial as to the special matters of defense, and that this practice of so amending the answer has been recognized and approved by the courts in many adjudicated cases.

This court agrees that when the answer is defective, such defect, at the discretion of the chancellor, may be cured by amendment; and also agrees that defendant is within its rights when it seeks, thirty days before trial, to incorporate in its answer, by way of amendment, special matters of newly discovered defense, in addition to those matters previously set forth in the answer. In my opinion the amendment contemplated by the statute is the ordinary amendment whereby a defendant may add any newly discovered defense or other supplemental matter.

This, however, is not what plaintiff here objects to, but rather to the uniform practice of defense counsel in filing in the first instance a perfunctory answer containing none of the affirmative defenses upon which it relies, and then just thirty days before the trial seeking, by way of amendment, to insert therein its real defenses, thus, in effect, for the first time filing its real answer and disclosing its special defenses in the amendment.

The proposed amendment here under consideration contains thirteen pages, almost three times as lengthy as the answer itself; sets up thirty-four new affirmative defenses; and pleads anticipation of the patent in suit by twenty-one United States patents, six foreign patents, and one publication. The amendment also seeks to

plead a counterclaim for a declaratory decree declaring the patent in suit invalid and not infringed.

The defenses thus set up for the first time by the amendment are prior patents, prior applications for patents, prior inventions, and prior uses relating to things in widely separated portions of this country, as well as in Europe and elsewhere. In case it becomes necessary to take depositions in these widely scattered places, that must then be done within the thirty days, when the rules provide for the taking of depositions within a period of one hundred and ten days after the cause is at issue by the filing of defendants answer.

Defendant argues that it is well known that its investigation of the prior art, by way of a patent search, is one of the most difficult, costly, and time-consuming investigations encountered in any field. On the other hand, I assume defendant appreciates that plaintiff encounters some of the same difficulties when obliged to make all of its preparations for trial within the thirty days following the amendment of the answer.

The question then is, whether defendant may, as a general practice, withhold the pleading of virtually all its real defenses until exactly thirty days prior to the date set for trial, and then ask leave to amend its answer, and disclose for the first time its real defenses, with no explanation for the delay.

Defendant's attorneys answer that plaintiff's attorneys have at times indulged in the same practice. Admitting that this may be true, the practice is none the less reprehensible, and one to be discouraged. It invariably forces plaintiff to ask for a continuance in order to prepare its case, resulting in a continuous disorganization of trial calendars, and delays in the disposition of cases. In a great metropolitan center such as Chicago, where calendars are heavy, such delays seriously hamper judges in reaching other cases on the call at the time set for them.

I am much impressed with the persistency with which both sides argue the necessity for time in which to make inquiry and investigation into the prior art, but I am more impressed with their great familiarity with all of the history of the prior art in the present case. Both sides agree that this patent has been involved in hundreds of infringement suits, covering a period of some sixteen years. It must therefore be apparent that at the time defendant filed its answer it was familiar with all of the prior art which it now seeks to incorporate in its amended answer; just as plaintiff, although seeking additional time in which to prepare its defense, must have been familiar with the prior art because of its frequent citation in earlier cases.

■ Counsel, all practitioners at the patent bar, with its high traditions as to ethics, good faith, and fair practices, seems to me in the instant case to have lost sight of the real office performed by the pleadings. As was said by the Supreme Court of the United States in the case of Susie Maty, Administratrix, v. Grasselli Chemical Company, 58 S.Ct. 507, 509, 82 L.Ed. ——, decided February 14, 1938: "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."

■ I am of the opinion that the practice of withholding all real defenses in a patent case until thirty days before the date set for trial, and then asking leave to introduce them by amending the skeleton answer originally filed, amounts to a stratagem which savors of sharp practice; and not only does not comply with the provisions of the statute, but serves to unreasonably delay the hearing and disposition of patent cases.

■ As I read the opinion of the Supreme Court in the cases of Bassick Manufacturing Company v. Hollingshead Co., and Rogers et al. v. Alemite Corporation, 298 U.S. 415, 56 S.Ct. 787, 789, 80 L.Ed. 1251, involving this same Gullborg patent, No. 1307734, it indicates that the court held claims 1 to 6, inclusive, and claims 8 and 10 to be valid, saying: "Claims 1 to 6, inclusive, and 8 and 10, have been repeatedly held valid, but the invention has generally been limited to the novel means whereby upon the uncoupling of the gun from the pin fitting a suction is produced which removes excess lubricant from the point of contact of the two members. Although in the instant cases the validity of the claims is denied, we think they disclose novelty and invention to the extent indicated."

The instant suit is for infringement of the same claims of the same patent. Infringement was denied by defendant in its original answer, and because the claims in suit have heretofore been held valid by the

588

Supreme Court of the United States, defendant's defense would therefore be practically limited to noninfringement; a defense which may be made under the answer as it now stands.

Planitiff's objections to defendant's motion to amend its answer are sustained, and defendant's motion to amend is denied.