ALICE SPABERG and JEANNETTE BROWN, Plaintiffs and Appellants, v. ETHEL M. JOHNSON, RICHARD N. JOHNSON, KAY JOHNSON WITHAM, and KEITH A. JOHNSON, Defendants and Respondents.

No. 10635.

Submitted April 7, 1964. Decided May 13, 1964.

392 P.2d 78.

James A. Cumming (argued), Columbia Falls, for appellants.

J. A. Turnage (argued), Polson, L. I. Wallace, Polson, for respondents.

HONORABLE LESTER H. LOBLE, District Judge, (sitting in place of MR. JUSTICE DOYLE), delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Lake County following the granting of a motion to dismiss plaintiffs' amended complaint with prejudice.

The amended complaint, inter alia, alleges that over a stated period of time defendants were the majority stockholders and a majority of the board of directors of the Spaberg Lumber Company, a corporation; that plaintiffs were the minority stockholders thereof; that by virtue of defendants' control of the board of directors they placed and maintained one of the defendants in various positions and offices in the corporation whereby such defendant had control and management of the business and the handling of funds; that such defendant converted to his own use and benefit corporate property and funds as disclosed by the books of the corporation, and that plaintiffs demanded of the defendants explanations for the declining business of the corporation; that the other defendants knew such managing defendant to be untrustworthy and incompetent to manage the business; that he was converting funds and mismanaging the affairs, but notwithstanding the defendants continued to maintain him in positions of control; that the defendants have taken no steps to recover any of the funds and property taken from the corporation; and, that by reason thereof the value of the shares of stock of the plaintiffs diminished and they were deprived of dividends.

The amended complaint has pleaded a claim alleging fraud, misappropriation of funds, employment by the corporation of one who it is alleged was untrustworthy and who, thereafter, appropriated to his own use a substantial amount of the funds of the corporation.

A motion to make more definite and certain and a motion to dismiss were filed by the defendants. The court ignored the motion to make more definite and certain, sustained the motion to dismiss with prejudice; and, to use the understandable expression of the strect, "threw the plaintiffs out of court." A motion to dismiss had also been sustained to the original com-

plaint; but the court permitted the amended complaint which is involved herein to be filed. There are other procedural matters set out in the transcript that have engaged the curiosity of the writer of this opinion, but they need not be set forth.

It seems appropriate to point out the purpose of the new Rules of Civil Procedure. The Federal Rules of Civil Procedure under Scope of Rules, Rule I, states in referring to the Rules: "They shall be construed to secure the just, speedy, and inexpensive determination of every action.", and our own Rules of Civil Procedure, Rule I, has exactly the same provision as to the scope of the Rules as does the Federal Rules previously quoted. In the legislation providing for the Montana Civil Rules Commission, Section 1 provides:

"The intent and purpose of this act is to make possible the adoption of the Federal Rules of Civil Procedure so far as seems presently practicable to the existing Montana Code to the end of uniformity * * *."

Pursuant to such Enabling Act, being Chapter 255 of the 1959 Session Laws, this Court, on the 7th day of April, 1959, appointed its commission on rules of procedure. Long and arduous was the task, and with the assistance of many, including the Montana Law School and personnel, the commission completed its assigned duties. After appropriate legislative action its labors were approved February 9, 1961, and became effective January 1, 1962. Since that date, the Rules of Civil Procedure in Montana governing district courts are vastly different than theretofore, and accepted by the bench and bar as a long stride forward in the administration of justice. Occasionally, as in the instant case, there is reversion to the procedure of yesteryear, when so often, in the pleading stages of the litigation, the cause ground to a stop without the litigants or counsel having really had a day in court. An examination of the Rules, and the forms therein, discloses that a complaint may be worded in a wholly different manner than heretofore. This does not mean that a defendant is deprived of an oppor-

tunity of attacking the proceedings. At pre-trial, by motion for summary judgment and in a variety of ways, the rights of a defendant are amply protected, even beyond trial by jury. A motion for directed verdict can be reserved by the court and passed upon notwithstanding a verdict of the jury. We could elaborate on the many available methods to both parties to protect their rights. No longer does the court look at form over substance.

In Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80, Mr. Justice Black clearly sets forth the real purpose of the Federal Rules of Civil Procedure after which ours are patterned:

"To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745."

In our view, the amended complaint states a claim under any Rule, either new or old. The action of the lower court in sustaining the motion to dismiss with prejudice, is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

504

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR concur.