In the Matter of MERCY–DOUGLASS
HOSPITAL, INC.
No. 70–762.

United States District Court,
E. D. Pennsylvania.
April 3, 1973.

Lawrence D. Biele, Philadelphia, Pa., for trustees.

Albert M. Hankin, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for minor plaintiff, Tyrone Powell.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The Trustees in the above captioned reorganization, under Chapter X of the Bankruptcy Act, have filed a Motion for a Stay of a Pending Action and to Authorize Special Counsel. On December 15, 1970, this Court approved the Petition to Reorganize Mercy-Douglass Hospital, Inc. (hereafter "Hospital") and issued an Order which enjoined "commencing or continuing any action of law or suit or proceeding in equity against said debtor or said trustee in any court."

On October 18, 1965 an action was started against the Hospital and other individuals in the Court of Common Pleas of Philadelphia County, June Term, 1965, Number 6767. The case has been specially listed for trial on May 7, 1973 before the Honorable Harry A. Takiff. The action involves the alleged negligent treatment of the minor plaintiff during September, 1963. The action is against certain doctors and the debtor Hospital and not against the Trustees.

The Supreme Court in Foust v. Munson S.S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936), set down the criteria for staying an action instituted against the corporation before the petition for reorganization was filed. The Trustees have met their burden in proving that the estate would be affected unjustly. In *Foust, supra,* the Court found that the estate would not be unjustly affected because the debtor's liability in the action was covered by insurance and defense of the action would be borne by the insurer.

However, in the case at bar, the Hospital was an eleemosynary or charitable institution in 1963 when the alleged negligence occurred which precipitated the State action. At that time, Pennsylvania law held that a hospital chartered in Pennsylvania as a charitable corporation was not liable for negligent acts of its employees. However, the Pennsylvania Supreme Court in Flagiello v. Pennsylvania Hospital, 417 Pa. 486, 208 A.2d 193 (1965), reversed its prior holdings and held that a hospital, which is a charitable organization, is subject to liability to one who suffers personal injuries as the result of the negligence of the hospital's employees. The charitable immunity doctrine has been completely eliminated, retrospectively and prospectively, Lenhart v. Mengel, 32 Leh.L.J. 184 (1967).

Here, the debtor had no insurance in 1963 because of the law in Pennsylvania at that time. Hence, the burden to defend the state action would be upon the debtor and would not be borne by any insurance company.

In addition, the Hospital needs the constant attention of the Trustees. In fact, this Court has recently appointed two new Trustees to replace two former Trustees and it would be very difficult for the new Trustees to devote their time and effort to an action which happened approximately seven years before the filing of the Petition for Reorganization. The importance of having the Trustees

concentrating their efforts on the reorganization is paramount. Judge Goodrich in Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 174 F.2d 783, 787 (3rd Cir. 1949) aptly stated: ". . . . If reorganization is successful the debtor corporation will continue to function, to pay its creditors, and carry on its business. The purpose of reorganization is to save a sick business . . . ." By not having the Trustees defend the state action, this would protect the assets of the debtor and would allow the Trustees to carry on the normal functions of serving the needs of the public in their area.

### ORDER

And now, this 3rd day of April, 1973, it is hereby ordered that the continuation of the action of Tyrone Powell, a minor by his guardian, et al. v. Mercy-Douglass Hospital, Inc. et al., Court of Common Pleas of Philadelphia County, June Term 1965, No. 6767 as to Mercy-Douglass Hospital, Inc. is stayed until further Order of this Court.