**In re Roland L. MORIN, Anne M. Morin, Debtors.**

**Terry E. SAVAGE, Vivian Savage, Plaintiffs,**

v.

**Roland MORIN, Defendant.**

Bankruptcy No. 280–00171.

Adv. No. 282–0363.

United States Bankruptcy Court,
D. Maine.

April 25, 1983.

Paul H. Mills, Farmington, Me., for plaintiffs.

Elliott L. Epstein, Isaacson, Isaacson & Hark, Lewiston, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

■ The plaintiffs, Terry and Vivian Savage, request the court to relieve them from the automatic stay so that they may proceed with a state court action against one of the joint chapter 13 debtors, Roland Morin. Because the court concludes that requiring the debtor to defend a state court action during the pendency of the chapter 13 plan would be detrimental to the successful completion of the plan, the plaintiffs' request for relief from stay must be denied.

On November 3, 1979, the plaintiffs filed a complaint against Roland Morin and two other defendants in Franklin County Superior Court. On April 3, 1980, Roland Morin and his wife, Anne Morin, filed a joint chapter 13 petition and a chapter 13 plan. The debtors did not schedule the plaintiffs' claim on their chapter 13 statement and their plan does not provide for the claim. The court confirmed the debtors' plan with orders dated July 17, 1980, and August 21, 1980. On August 24, 1982, the debtors amended their chapter 13 statement to include the plaintiffs' claim.

■ On December 9, 1982, the plaintiffs filed a complaint for relief from stay. They argue that, because their claim is nondischargeable under 11 U.S.C.A. § 1328 (1979), they should be relieved from the stay and allowed to proceed with their state court action against the debtors. The debtors assert that the stay is not automatically lifted when a debt is determined to be nondischargeable under section 1328. In addition, they argue that relief is not justified in this case.

Section 1328(a) provides:

As soon as practicable after completion of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan. . . .

The debtors' plan does not provide for the plaintiffs' claim, and the claim may be non-

dischargeable under section 1328. However, it is not necessary for the court to decide the dischargeability issue in this proceeding. A finding by the court that the claim is nondischargeable would not determine the stay issue.

Section 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan...." 11 U.S.C.A. § 1327(a) (1979). Although the debtors' plan does not provide for the plaintiffs' claim, the plaintiffs are bound by the plan. If the plaintiffs wish to proceed against the debtors in state court, they must meet the conditions for relief from stay set forth in 11 U.S.C.A. § 362 (1979).

Section 362(d)(1) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— for cause...." The plaintiffs have made no effort to demonstrate sufficient cause for the court to grant relief. In addition, the court finds that requiring the debtors to defend a state court action during the term of their chapter 13 plan would be unduly burdensome to the proper functioning of the plan. *Cf. In re Mercy-Douglass Hospital, Inc.,* 356 F.Supp. 977, 978 (E.D.Pa.1973) (relief from stay to proceed with state court action against debtor would unjustly affect chapter X reorganization). It is crucial that the debtors focus all their efforts during the pendency of the plan on completing the plan. *Cf.* id. at 978–79 (trustees must concentrate efforts on reorganization). Requiring the debtors to spend their time and money defending a state court action would be extremely disruptive to their successful rehabilitation.

An appropriate order will be entered.