**In re Robert Lee DODD, Anita Louise Hepburn Dodd, Debtors.**

**Bankruptcy No. 82–01610–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 8, 1985.

<hr />

J. Dean Lewis, Stafford, Va., for debtors.

Frank H. Grace, Jr., Fairfax, Va., for John H. Gorsuch and The Family Pizzeria of Dumfries, Virginia, Inc.

Gerald M. O'Donnell, Alexandria, Va., Chapter 13 Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises upon a motion filed by John H. Gorsuch, individually and on behalf of the Family Pizzeria of Dumfries, Virginia, Inc. ("creditors") which prays that this Court reconsider an order heretofore entered herein. The aforementioned order allowed Mr. and Mrs. Dodd, debtors herein, to amend their schedule of unsecured debts to add the creditors.

On December 23, 1982, debtors jointly filed a wage-earner plan under Chapter 13 of the Bankruptcy Reform Act of 1978 ("the Code"), 11 U.S.C. § 101 *et seq.* This Court confirmed debtors' plan on February 8, 1983. Under the plan, debtors must pay to the Chapter 13 Trustee $1,272.00 per month for thirty-six months, at which time the plan is to be completed. Debtors have remained current in their plan payments throughout the duration of the plan and continue to remain current to this date.

On December 5, 1980, Gorsuch filed an action against the Dodds in the Circuit Court of Prince William County on behalf of himself and the corporate creditor. At the time of filing their bankruptcy petition in 1982, debtors believed the suit in state court to have been settled. Upon learning that this was not the case but rather that the creditors had taken no action since filing the state proceeding, debtors moved this Court in August 1983 to add John H. Gorsuch, individually and on behalf of the Family Pizzeria of Dumfries, Virginia, Inc., to debtors' schedules as unsecured creditors holding unliquidated, disputed or contingent claims.

The certification of service accompanying debtor's application to amend indicates that a copy of the application was mailed on August 8, 1983 to both Gorsuch and his attorney as well as the standing Chapter 13 Trustee and the United States Trustee. A notice from the Clerk of this Court of debtors' application was mailed to the creditors and their attorney on August 10, 1983. After no objection was filed to debtors' application, this Court entered an order on August 31, 1983 allowing the amendment to debtors' schedules. The order also provided that the creditors had until October 1, 1983 to file claims.

The creditors failed to file a claim against the Dodds but on September 30, 1983, Gorsuch filed a motion asking this Court to reconsider the Order it entered allowing the amendment to debtors' schedules.[1] A hearing was held on Gorsuch's motion, and the Court took the matter under advisement.

---

1. Creditors' motion for reconsideration filed September 30, 1983 asked this Court for various forms of relief. Although the motion will be discussed in greater detail in the text, the creditors asked this Court for relief from the automatic stay to enable the state proceedings to continue, for reconsideration of the Order entered August 31, 1983, for a finding of nondischargeability under 11 U.S.C. § 523(a)(4) and for an extension of time to file a claim if the motion for reconsideration was denied.

■ Before the merits of the creditors' motion are addressed, this Court must determine whether the motion is properly before the Court. As indicated previously, the Court's decision to allow an amendment to debtors' schedules was rendered August 31, 1983. The creditors' motion for reconsideration was filed with the Court and mailed to debtors' counsel on September 30, 1983, thirty days after this Court's decision. Rule 9023 of the Rules of Bankruptcy Procedure ("the bankruptcy rules") incorporates Rule 59 of the Federal Rules of Civil Procedure into proceedings under Title 11 of the United States Code.[2] R.Bankr.P. 9023. Rule 59(e) plainly requires that a motion to alter or amend a judgment *"shall* be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e) (emphasis added). Obviously, the creditors have not met this mandatory provision. Furthermore, this Court is prevented from extending the time for presenting a motion for reconsideration. R.Bankr.P. 9006(b)(2). Additionally, the creditors failed to object to the amendment initially even though they had at least twenty days notice. There is no doubt but that the creditors' motion is untimely, and the Court denies the creditors' request for reconsideration on that basis.

Assuming *arguendo* that the creditors' motion had been timely, however, would not affect this Court's ruling for the following reasons. The creditors base their motion on four points. Initially, Gorsuch indicates neither he nor the Family Pizzeria of Dumfries, Virginia, Inc. were listed on any schedule of debts originally filed by debtors. Second, Gorsuch complains that the creditors were added without a hearing.

Third, the creditors maintain that because their claims are unliquidated the claims cannot be determined until the issues in the state court proceeding have been resolved. Fourth, the Bill of Complaint in the state court proceeding is based in part on the claim that the debtors were acting as conspirators to defraud the creditors.

The creditors request that the Court provide relief as follows. First, the creditors ask the Court to modify the automatic stay to allow pursuit of the state court action. Second, the creditors ask that the Court reconsider its order allowing the addition of the creditors to the debtors' schedules. Third, Gorsuch requests that the debt owed to creditors be excluded from discharge as originating in fraud. *See* 11 U.S.C. § 523(a)(4). Fourth, Gorsuch prays that if the August 1983 order is not revoked, the creditors be granted an extension of time to file their claim.

Debtors respond to Gorsuch's motion initially by stating that Rule 1009 of the bankruptcy rules does not require a hearing pursuant to a motion to add a creditor. The creditors had ample notice of debtors' motion and did not file an objection or request a hearing. Additionally, debtors argue that defending a suit in state court would threaten the successful completion of the plan which is proceeding on schedule.[3]

The debtors assert further that the creditors are not entitled to the relief prayed for because no set of facts has been alleged which would entitle the creditors to relief under either section 362(d) or section 523(a)(4) of the Code. Furthermore, debtors maintain that Gorsuch has not proceed-

---

**2.** Rule 9023 of the Rules of Bankruptcy Procedure specifically excepts Rule 3008 from the timeliness requirements of Rule 59 of the Federal Rules of Civil Procedure. R.Bankr.P. 9023. Rule 3008 refers only to reconsideration of an allowance or a disallowance of a claim under 11 U.S.C. § 502. In the case *sub judice,* creditors ask this Court to reconsider its decision allowing the amendment of debtors' schedules to add the creditors. Thus, the exception provided in Rule 9023 is inapplicable.

**3.** The debtors cite to the Court the decision rendered in *In re Morin,* 29 B.R. 606 (Bank.D. Me.1983). In *Morin,* the bankruptcy court held under a fact situation very similar to the case *sub judice* that relief from the automatic stay should not be granted during the pendency of a Chapter 13 plan if a debtor would be required to defend a state court action as a result. *Id.* at 607. The *Morin* court held that debtors must focus all their efforts to the successful completion of a wage-earner plan and should not be required to spend time and money defending a state court action. *Id.*

ed properly to raise issues of dischargeability under section 523(a)(4) of the Code. The debtors indicate that section 523(a)(4) cannot be at issue as such debts are dischargeable under Chapter 13 upon completion of the plan. *See* 11 U.S.C. § 1328(a). Debtors further assert that Gorsuch has not filed his motion timely and has not alleged any facts constituting excusable neglect. Finally, debtors argue that the creditors are bound by the terms of the confirmed plan. 11 U.S.C. § 1327(a).

■ There is no doubt but that the creditors have not proceeded properly to obtain relief from the automatic stay. Rule 4001 of the bankruptcy rules requires that a request for relief from the automatic stay imposed by section 362(a) be made in accordance with rule 9014 of the bankruptcy rules. R.Bankr.P. 4001(a). Rule 9014 requires that in such a case "relief *shall* be requested by motion, and reasonable notice and opportunity for hearing *shall* be afforded the party against whom relief is sought." R.Bankr.P. 9014 (emphasis added). Gorsuch has not proceeded in the manner required and this Court cannot grant the relief from stay as requested. An objection to the dischargeability of a debt in a Chapter 13 case falls under Rule 4007. The determination of the dischargeability of a debt is an adversary proceeding initiated by the filing of a complaint. R.Bankr.P. 4007. The creditors have not proceeded in the manner which would entitle them to the relief they have requested.

■ A debtor proceeding under Chapter 13 of the Code has certain obligations and duties to perform. Among these duties are the filing of schedules and statements. 11 U.S.C. § 521(a); R.Bankr.P. 1007(b). These schedules and statements may be amended at any time before the closing of a case. R.Bankr.P. 1009; 3 *Collier on Bankruptcy* ¶ 521.07, at 521–25 (15th ed. 1984). The debtor must comply with certain notice requirements to enable those parties affected by the amendment to voice their objections. *See* R.Bankr.P. 1009. The debtors provided due and proper notice and no objections were made. Because

Rule 1009 does not require a hearing absent the filing of an objection and the notice time having passed, this Court properly entered an order allowing the addition of the creditors to debtors' schedules.

■ The August 1983 order gave creditors thirty days to file their claim against the estate if they wished so to do. Although the creditors failed to file a proof of claim, they did file their motion for reconsideration prior to the expiration of the thirty-day period. Furthermore, the creditors' motion for reconsideration was filed untimely as such. Fed.R.Civ.P. 59(e). Although labelled a motion for reconsideration, the motion also contained a request for an extension of time to file a claim.

Technical forms of pleading have been eliminated. Fed.R.Civ.P. 8(e)(I); *see Maynard v. General Elec. Co.*, 486 F.2d 538, 539–40 (4th Cir.1973). Moreover, the Federal Rules of Civil Procedure require that pleadings "be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). Courts have interpreted the mandate of Rule 8 of the Federal Rules of Civil Procedure as requiring pleadings to be judged by their substance rather than by their form. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200–01, 58 S.Ct. 507, 509, 82 L.Ed. 745 (1938); *Mutual Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co.*, 427 F.2d 504, 508 (8th Cir.1970). Thus, this Court shall view creditors' motion as a joint motion for reconsideration and for an extension of time to file a claim.

■ Ordinarily, the time limit for filing a Proof of Claim is governed by Rule 3002(c). Rule 9006(b)(3) of the bankruptcy rules does not prohibit the extension of time to file a Proof of Claim but does indicate that a Court may enlarge the time under Rule 3002(c) only as the latter rule permits. R.Bankr.P. 9006(b)(3). Rule 3002(c) authorizes the extension of time only in a few specific instances, none of which are available in the case at bar. R.Bankr.P. 3002(c)(1)–(6). Nevertheless, this Court is of the opinion that the interests of equity

and justice require an extension of time for creditors to file a claim in the same manner as the original period was allowed in the order of August 1983.

Because the creditors' claim was added to the schedules, it was not possible for the creditors to file a proof of claim ninety days after the first date set for the meeting of creditors. *See* R.Bankr.P. 3002(c). To prevent an inequity, this Court provided that the creditors file their claim by a date certain. Debtors would not be prejudiced at this point by the allowance of an additional thirty days for creditors to file their claim and such an extension shall be granted.

■ Gorsuch, however, has not presented any evidence upon which this Court could base the granting of the motion for reconsideration. It would appear obvious that creditors generally are not included in the original schedules when a debtor requests an amendment to the schedules to add a creditor. Although the amount of the creditors' claim is unliquidated in that a sum certain has not been sued for in the state court proceeding, the debtors have added the creditors to the schedules as holding either disputed, contingent or unliquidated debts. There is no requirement that the amount of a debt be established finally before the debt may be included in a debtor's schedules. Furthermore, the debtors have estimated the debt, if actually owed, to be in the amount of $20,000.00. Debtors substituted the creditors for an unsecured creditor who was listed in the schedules as having a claim in the amount of $20,000.00 but who has since dismissed a lawsuit against the debtors with prejudice. Additionally, without an objection having been filed, there is no authority which would require a hearing on debtors' motion to amend their schedules. Finally, that the Bill of Complaint in the state proceedings alleges fraud by these Chapter 13 debtors is of no relevance to Gorsuch's motion for reconsideration. For the aforementioned reasons, creditors' motion for reconsideration of this Court's order entered August 31, 1983 is denied, but creditors' motion for

an extension of time to file their claim is granted, and the time is extended to thirty days after the entry of this Memorandum Opinion and Order.

An appropriate Order will enter.