**CONAX FLORIDA CORPORATION, Plaintiff,**

v.

**The UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 85–3111.**

United States District Court, District of Columbia.

Dec. 23, 1985.

Richard C. Spitzer, Ebert & Bowytz, Barry E. Bretschneider, Wegner & Bretschneider, Washington, D.C., for plaintiff.

Rebecca L. Ross, Asst. U.S. Atty., R. Anthony McCann, Dept. of the Navy, Washington, D.C., Thomas J. Russial, Dept. of the Navy, China Lake, Cal., for defendants.

## MEMORANDUM ORDER GRANTING PRELIMINARY INJUNCTION

BARRINGTON D. PARKER, District Judge.

In this action the plaintiff Conax Florida Corporation ("Conax") seeks relief against the Secretary of the Navy and other Department of the Navy officials, alleging they have improperly threatened to disclose its trade secrets. Specifically, the plaintiff seeks relief against announced action of the defendants to remove restrictive legends from drawings it developed under Navy contracts. Conax claims that the drawings, which it prepared, contain proprietary and confidential information and are not government property.[1] At the same time the plaintiff is prosecuting an

appeal before the Armed Services Board of Contract Appeals ("ASBCA") from an adverse ruling of the Navy's contracting officer.

The pending complaint before this Court seeks (1) injunctive relief restraining the government from removing any of the plaintiff's legends from the documents pending resolution of its ongoing appeal before the ASBCA and any subsequent judicial review thereof; (2) a mandamus requiring the Navy to place restrictive legends on any drawings made from the documents involved; and (3) a declaratory judgment that the Navy has violated plaintiff's rights under the procurement contract between the parties.

### A.

Several motions are now before the Court for final resolution. The plaintiff has filed an application for a preliminary injunction. The defendants have presented a motion to dismiss asserting lack of subject matter jurisdiction. Both parties seek summary judgment arguing that there are no contested material facts.

As to the motion to dismiss for lack of subject matter jurisdiction, the government contends that because the complaint as presently drafted does not assert or rely upon a violation of the Trade Secrets Act, 18 U.S.C. § 1905, but rather only asserts a cause of action in contract, thus jurisdiction is lacking.

Oral argument on the government's motion to dismiss and the plaintiff's motion for a preliminary injunction was considered on December 18, 1985. For the reasons set out below, the Court denies the motion to dismiss and grants the motion for a preliminary injunction.

### B.

The verified complaint conspicuously alleges that "The Court has jurisdiction of this action under 18 USC 1905 (Trade Secrets Act); 5 USC 552 (Administrative Pro-

---

1. The drawings relate to life vests which inflate automatically when immersed in water and the Sea Water Actuated Relief System, which releas-
   es the shoulder harness of a pilot landing on the ocean, thus enabling the pilot to escape from his harness and avoid drowning.

cedure Act) ... 28 USC 1346 (Contract with the United States)...." Complaint, ¶ 3, Jurisdiction. After alleging the statutory basis for jurisdiction, the complaint sets forth in the section entitled "Factual Background of the Controversy," a chronology of the underlying facts to the controversy, showing the creation of a confidential relationship between plaintiff and the government and culminating with the decision of the Navy contracting officer that he would direct the removal of those restrictive legends on certain of plaintiff's drawings which had been transmitted to the government.

Plaintiff's motion for preliminary injunction, including supporting memoranda, declarations and exhibits set forth in greater detail the history of the plaintiff's development, at its own expense, of the drawings and data previously submitted to the government under restrictive legend and accepted by the government on this basis.

Concluding the complaint, the plaintiff seeks relief in three separate equitable counts: injunction, mandamus and declaratory judgment, respectively. In each count, plaintiff alleges that "Once trade secrets are disseminated publicly ... [it] will absolutely destroy all proprietary rights of plaintiff in the data depicted on the drawings so disseminated." (Complaint, ¶¶ 41, 47 and 52).

The final prayer for relief requests injunctive relief pending the determination of the merits of the action by the Armed Services Board of Contract Appeals.

In moving to dismiss, the government relies heavily on plaintiff's pleading that the drawings were, in fact, provided to the government pursuant to a contract and that the action arose by virtue of a contracting officer's decision. The plaintiff contends, however, that simply because the dispute concerns drawings provided under a contract does not mean that the action arises under the contract.

Rule 8(f), Fed.R.Civ.P. provides that pleadings "shall be so construed as to do substantial justice." *See, Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "They should not raise barriers which prevent the achievement of [fair and just settlements of controversies between litigants]." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745 (1938).

The action, as it has been pleaded and argued, involves the substantially broader issue of whether the government has threatened to appropriate trade secrets, in violation of a duty of confidentiality, and in violation of the Trade Secrets Act. Our Court of Appeals has decided that, simply because an alleged trade secrets case requires some reference to or incorporation of a contract does not mean that the case is therefore "on the contract." *Megapulse v. Lewis*, 672 F.2d 959, 967–68 (D.C.Cir.1982). Most trade secrets necessarily arise from an express or implied contractual relationship between two parties and to hold that the mere existence of such a contractual relationship automatically converts the action to one sounding in contract would be to nullify almost completely the Trade Secrets Act, contrary to congressional intent.

### C.

The plaintiff Conax has advanced sufficient allegations to confer jurisdiction under the Trade Secrets Act through the Administrative Procedure Act, permitting this Court to issue an injunction to preserve the status quo pending the determination of the merits of this action. An adequate showing has been made that injunctive relief is appropriate under the circumstances.

Plaintiff has demonstrated that there is a substantial probability that it will prevail on the merits, having shown thus far that the government has not purchased plaintiff's drawings, and for a substantial period of time has accepted the proprietary drawings in such a manner as to create a confidential relationship which cannot now be breached without violating the provisions of the Trade Secrets Act.

Plaintiff has shown that, should the injunction not be granted, it will suffer irreparable harm in that government's disclosure of the unique data developed at plaintiff's time, effort and expense will cause

irreversible harm in that it will suffer the loss of its sole source position in the government market, loss of its competitive edge as a leader in this market, loss of its exclusive position in the commercial and foreign markets, and will critically threaten the financial health, and possibly existence, of the plaintiff.

On the other hand, the detriment to the government by the granting of the injunction and the preservation of the status quo is relatively minimal, because the government will continue to maintain a source in plaintiff for the procurement of the product, will not incur the expense of re-drawing plaintiff's drawings, and will consequently be able to procure the items far more expeditiously, if necessary.

In sum, the criteria required for the granting of a preliminary injunction by this Court have been met. *Holiday Tours, Inc. v. Washington Metropolitan Area Transit Authority,* 372 F.2d 401 (D.C.Cir.1967); *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 259 F.2d 921 (D.C.Cir.1958).

Because the ongoing prosecution of Conax of its appeal before the Armed Services Board of Contract Appeals together with the prosecution of their complaint before this Court presents irreconcilable problems as to jurisdiction, procedure and ultimate relief, the appeal before the Board should be withdrawn.

WHEREFORE, upon consideration of the foregoing, it is this 23rd day of December, 1985,

### ORDERED

That plaintiff's motion for preliminary injunction is granted and defendants' motion to dismiss is denied.

That the defendants are enjoined from copying, altering, or re-drawing those of plaintiff's drawings identified under Data Item A008 of Contract N60530-83-C-0043 as marked with restrictive legends, or in any way removing the restrictive legends contained on those drawings, or disclosing said drawings publicly or distributing said drawings within the government without plaintiff's legends thereon, pending the determination on the merits of plaintiff's complaint against defendants for Trade Secrets Act violations, to be resolved before this Court; *provided, however,* that, within ten (10) days from the date of this Order, plaintiff dismisses with prejudice, its appeal presently docketed (Dkt. No. 31966) before the Armed Services Board of Contract Appeals.

That the plaintiff shall within five (5) days of this Order post with the Clerk of this Court, in cash or by surety bond, security in the amount of $1,000 for damages that may be incurred or suffered by the defendants because of the possibility that the relief granted herein may be improvidently entered.

FURTHER ORDERED, that since it appears that there are material and substantial issues of fact which remain to be resolved in this action, both plaintiff's and defendants' motions for summary judgment, are denied.

That a status call is scheduled in this proceeding on January 6, 1986 at 9:30 a.m.