NO. 12-13-00272-CV

IN THE
COURT OF APPEALS
12th. COURT OF APPEALS DISTRICT
AT TYLER, TEXAS


FILED IN COURT OF APPEALS
12th Court of Appeals District

APR – 1 2015

TYLER, TEXAS
CATHY S. LUSK, CLERK

---

GUY SPARKMAN, PLAINTIFF
APPELLANT
VS.
KAREN PHILLIPS, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY, STANLEY SPRINGERLY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, AMY GILBREATH IN HER OFFICIAL CAPACITY
DEFENDANTS/APPELLEES

---

ON APPEAL FROM THE DISTRICT COURT
114th JUDICIAL DISTRICT OF
SMITH COUNTY TEXAS
TRIAL COURT NO. 12-1560-b

---

**APPELLANT'S MOTION FOR REHEARING**

---

Guy Sparkman, Pro Se
420 Haden St.
Tyler, Tex. 75701
No Phone
Email: gysparkman@yahoo.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................................ii

POINTS FOR REHEARING

1.   There Court's Memorandum opinion and judgment demonstrates the Court has made a clear, manifest and substantial error of law; and , the error is of such importance to the jurisprudence of the state that, in the opinion of the supreme court, it requires correction. **Re. Texas Government Code Title 2, Subtitle A. Chapter 22 Subchapter A, Section 22,001 (6)**

2. The Court's memorandum and judgment involves the constructions of a statute, ( a). Clearly, the Court has made a substantial error in its construction of **Tex. Civ. Prac. & Rem Code. 11.101.** Therefore, it requires reconsideration and correction (b) The error of construction violated Appellants Equal Protection right to the protection of **Tex. Civ. Prac. & Rem Code. 11. 051.** Therefore, it requires reconsideration and correction.

3. The appeal involves fundamental constitutional issues. The Court's memorandum opinion and Appellant's brief demonstrate the Court violated Appellant's Due Process and Equal Protection Rights. Therefore, the memorandum opinion and judgment require reconsideration and correction.

4. The memorandum opinion and judgment undermine the Public's faith, trust and confidence in the court's memorandum Opinions and judgments.

INTRODUCTION AND SUMMARY OF ARGUMENT..........................2, 3

ARGUMENT AND AUTHORITIES.............................................4-12

CONCLUSION AND PRAYER...................................................12, 13

CERTIFICATE OF SERVICE....................................................13

## TABLE OF AUTHORITIES

*In re Douglas,*
*333 S. W. 3d 273, 283-84 (Tex. App Houston 2010 pet. denied.)*...................3

Griffin V. Breckenridge,
403 U.S. 88, 102 (1971) .................................................................12

**HAINES V. KERNER,**
404 U.S. 519 (1972)...................................................................1

**HUGHES V. ROWE**
449 U.S 5, 1980 (1980)..............................................................1

**Maty v. Grasselli Chemical Co.**
303 U.S. 197 (1938).................................................................1

**Norton v. Shelby County,**
118 U.S. 425, p. 442................................................................3

**Texas Government Code Title 2,**
**Subtitle A. Chapter 22 Subchapter A, Section 22,001 (6)** ......................3

## TO THE HONORABLE JUSTICES OF COURT OF APPEALS FOR THE 12TH DISTRICT OF TEXAS:

Appellant files this motion requesting reconsideration of the clearly erroneous and fatally flawed memorandum opinion and judgment issued in this appeal. on March.18, 2015 and respectfully shows the Honorable Court as follows:

## PRO SE LITIGANTS

*" A pros se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"*

**HAINES V. KERNER, 404 U.S. 519 (1972),
HUGHES V. ROWE 449 U.S 5, 1980 (1980)**

*" Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. "*
**Maty v. Grasselli Chemical Co.** 303 U.S. 197 (1938)

Rehearing is appropriate in this important litigation involving fundamental constitutional issues of utmost importance to the jurisprudence of Texas.

By this Motion for Rehearing, Appellant respectfully asks the Court to revisit its memorandum opinion and judgment. Rehearing is appropriate in this most important case involving fundamental, inalienable constitutional rights, privileges

1.

and  immunities of the people of Texas

## CLEARLY

The Court's Memorandum Opinion contains substantial errors of law important to the jurisprudence of the state; and requires correction through reconsideration. Also,  The  Memorandum and judgment violate  fundamental constitutional rights!

## THEREFORE

It is crucial that the **Court  thoroughly and correctly** address  each of the issues presented  to the Court.  Plainly the opinion **does not** address all of the issues presented by Appellants brief.  This statement does not refer to the numbered issues; but, to the numerous times the Courts ignores many of Appellants arguments and  supporting authorities.  The ignoring of Appellants arguments and supporting authorities violates Appellant's Due Process and Equal Protection Rights.

This irrefutable fact violates Plaintiff's fundamental  and inalienable right to due process and equal protection rights guaranteed and protected by the Constitution of the United States and the State of Texas.   Appellant respectfully moves for rehearing, by this Motion for Rehearing.   Appellant respectfully asks the Court to revisit its memorandum opinion and judgment..

2.

# INTRODUCTION AND SUMMARY OF ARGUMENT

There Court's Memorandum opinion demonstrates the Court has made clear and manifest errors of law; and , the errors are of substantial importance to the jurisprudence of the state; **because it involves the proper construction of Tex. Civ. Prac & Rem Code. 11.051 et seq; therefore,** they requires correction. **Re. Texas Government Code Title 2, Subtitle A. Chapter 22 Subchapter A, Section 22,001 (6)** I.e.,

*"Furthermore, a court may declare a party a vexatious litigant on it own motion. In re Douglas, 333 S. W. 3d 273, 283-84 (Tex. App Houston 2010 pet. denied."*

Bottom of page 4 of memorandum opinion

*"As explained above, the trial court may, sua sponte, declare a party to be a vexatious litigant, in which case the ninety-day time frame for filing a motion does not apply See In re Douglass, 333 S. W. 3d at 283-84"* Middle of page 5 of memorandum opinion.

## ADDITIONALLY

**The Court's memorandum opinion and judgment violates Plaintiff's due process and equal protection rights. Therefore, they are void, as a matter of law. I.e.,**

*" An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protections; it creates no office; it is legal contemplation, as inoperative as though it had never been passed."*
**Norton v. Shelby County,** 118 U.S. 425, p. 442

**3.**

## THE MEMORANDUM OPINION AND JUDGMENT ARE UNCONSTITUTIONAL AND VOID AS A MATTER OF LAW BECAUSE

**1. The Court violated Appellants Due Process and Equal Protecting rights**

*(a) " An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protections; it creates no office; it is legal contemplation, as inoperative as though it had never been passed."*
Norton v. Shelby County, 118 U.S. 425, p. 442

## PUBLIC TRUST AND CONFIDENCE IN THE COURTS

*"Because the judicial branch relies heavily on public, support to perform its role in our system of government, public trust and confidence is a precious commodity for the courts "* **Re. National Center for State courts**

## CONCLUSION

Therefore the Court should reconsider the fundamentally and fatally flawed

memorandum opinion and judgment.

## ARGUMENT AND AUTHORITIES

## I
## CLEARLY AND MANIFESTLY CONSEQUENTIAL ERRORS OF CONTROLLING AND DISPOSITIVE LAW

*"Furthermore, a court may declare a party a vexatious litigant on it own motion.*

*In re Douglas, 333 S. W. 3d 273, 283-84 (Tex. App Houston 2010 pet. denied."*

Bottom of page 4 of memorandum opinion

4.

*"As explained above, the trial court may, sua sponte, declare a party to be a vexatious litigant, in which case the ninety-day time frame for filing a motion does not apply See In re Douglass, 333 S. W. 3d at 283-84"* Middle of page 5 of memorandum opinion.

## THE DEFENDANT'S UNTIMELY FILED " *MOTION TO FURNISH SECURITY*" IS THE CONTROLLING AND PRIMARY DISPOSITIVE ISSUE IN THIS APPEAL

(a) The Defendant's Motion to furnish security was **blatantly untimely**. under

the provisions of **Tex. Civ. Prac & Rem Code. 11.051.** Therefore, the trial court

had no authority to consider the motion for any purpose.

(b). The trial court had **no authority** to **sua sponte** find Appellant to be a

**vexatious litigant and order him to furnish security** under **Tex. Civ. Prac &**

**Rem Code 11. 051 et seq. or any other statute;**

(c) Therefore, the Memorandum Opinion and Judgement signed March 18,

2015 are unconstitutional; because, the memorandum opinion in support of the

judgment violates Appellants procedural Due Process and Equal Protection

Rights, Therefore void as a matter of law

The memorandum opinion states and the Court relies on the following unsupported

**And clearly erroneous conclusions of controlling and dispositive facts and law:**

1.
*"Furthermore, a court may declare a party a vexatious litigant on it own motion.*

5.

*In re Douglas, 333 S. W. 3d 273, 283-84 (Tex. App Houston 2010 pet. denied."*

Bottom of page 4 of memorandum opinion

2.

*"As explained above, the trial court may, sua sponte, declare a party to be a vexatious litigant, in which case the ninety-day time frame for filing a motion does not apply See In re Douglass, 333 S. W. 3d at 283-84"* Middle of page 5 of memorandum opinion.

### IRREFUTABLE AND DISPOSITIVE FACTS

1. The record demonstrates the court acted on and dismissed the case on

Defendant's untimely **MOTION TO FURNISH SECURITY. THE TRIAL**

**COURT DID NOT ACT SUA SPONTE AND COULD NOT UNDER THE**

**FACTS AND THE CONTROLLING LAW.**

1. **It is clear and manifest violation of Appellant's due process and equal**

**protection rights for this Court to base its decision on what a trial court could**

**have done; but, did not.**

2. Furthermore, the Statements are clearly erroneous; Because, it **was not possible** for

the trial court to sua sponte find appellant a vexatious litigant and require security.

Under the irrefutable facts of this case the trial court has **no authority** to act **sua**

**sponte** pursuant to Tex Civ. Prac. & Rem. Code § 101 **or any other statute or law.**

3. The courts holding is manifestly erroneous, false, fraudulent and a violation of

Appellant's Due Process and Equal Protection Rights.

4. The opinion cites no statute or law supporting the naked conclusion *"that the trial court may declare a party to be a vexatious litigant in which case the ninety-day time from for filing a motion does not apply"* but, cites **In re Douglas**

5. Plainly and indisputably the Court committed reversible error by relying on those two manifest errors of law to affirm the trial court's decision; because,

(a)  **In re Douglas** is clearly and manifestly not applicable or controlling of the facts in this case. The facts are clearly distinguishable from this case.

(b) **In re Douglas cites** Tex Civ. Prac. & Rem. Code § 101

6.   Clearly, under the irrefutable facts of this case; Tex Civ. Prac. & Rem. Code § 101 **is not applicable to the facts of this case.**

. Tex Civ. Prac. & Rem. Code § 101 IS CLEARLY AND MANIFESTLY NOT APPLICABLE TO THE IRREFUTABLE FACTS OF THIS CASE BECAUSE:\

INDISPUTABLE  DISPOSITIVE  FACTS

First:   Appellant filed this lawsuit **May 31, 2012.**   Appellant was not designated a vexatious litigant until **February 14, 2013** in the County Court at law of Smith County.   Therefore, **Tex. Civ. Prac & Rem Code § 11.101** does not apply to this case .

7.

SECONDLY:

## Tex Civ. Prac. & Rem. Code § 101
### SUBCHAPTER C. PROHIBITING FILING OF NEW LITIGATION

*"Sec. 11.101. PREFILING ORDER; CONTEMPT. (a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local* **administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant.**

**(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.**

**(c) A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.**

**(d) A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.**

**(e) A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state."**

### PLAINLY

1. **Tex. Civ. Prac & Rem Code § 11.101 <u>does not</u> give a trial court authority to sua sponte find a litigant to be a vexatious litigant and order security.**

2. Plainly, **§ 11.101** applies only to a pro se litigant who has been previously been designated a **vexatious litigant, with a prefiling order** and attempts to file a new lawsuit without getting permission of the local administrative judge.

3. **Tex. Civ. Prac & Rem Code § 11.101** only gives a trial court <u>**authority**</u> to

8.

**sua sponte** dismiss a **new lawsuit** filed after the date the litigant was designated a **vexatious litigant, with a prefiling order** without the permission of the local administrative judge.

## FURTHERMORE

The **Tex. Civ. Prac & Rem Code sec 11 is unconstitutional on it face and as it has been applied to Appellant.**

## INESCAPABLE CONCLUSION

1. The Defendant's Motion to furnish security was **blatantly untimely**. under the provisions of **Tex. Civ. Prac & Rem** ,as a matter of law.

2. Therefore, the trial court had not authority to consider the motion for any purpose.

3. The trial court had **no authority** to **sua sponte** find Appellant to be a **vexatious litigant and order him to furnish security** under **Tex. Civ. Prac & Rem Code sec. 11 or any other statute.**

4. The Court's memorandum opinion and judgment violates Appellants **Due Process of law and Equal Protections rights.** Therefore they are void as a matter of law!

5. The Court's judgment relies on **clear and manifestly erroneous** statements of fact and law in the memorandum.

9.

6. **Consequently**, the Court should grant this legitimate **Motion for Rehearing** and

reconsider the issues Appellant's brief submitted to the Court for adjudication.

## II
## ARTICLE 5 SECTION 11 OF THE TEXAS CONSTITUTION

Appellant's brief to the Court stated:

*FIRST ISSUE RESTATED AND ARGUMENT*

*FIRST ISSUE: The Order Requiring Security and the Order of Dismissal are VOID; because, Visiting Retired Judge Jerry Calhoon has no valid authority to act in the case:* .
*(a)The provisions of Article 5, Section 11 of the Texas Constitution were violated; Article 5, Section 11 of The Texas Constitution, in the relevant part, explicitly provides:*
*"When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law."*

These procedures were not followed and Appellant relied on the failure to follow the

law in his brief to the Court

**However, the Court erroneously upheld the trial court on grounds not cited and**

**relied on by the Appellant. This is a violation of Due Process and Equal**

**Protections and Fraud upon the Court, the Appellant and the people of Texas.**

### MEMORANDUM OPINION

*Article 5, Section 11 of the Texas Constitution provides that a judge may not sit in a case in which he has an interest, where either of the parties may be connected to the judge, or when the judge participated in the case as counsel. Sparkman has presented no evidence here.* Top of page 3 of memorandum opinion

**10**

## PLAINLY

Appellant **DID NOT** cite that section of Article 5, Section 11 of the Texas

Constitution. Appellant's brief cited and relied on

*When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.*
## TOP OF PAGE 14 OF APPELLANTS BRIEF

## HOWEVER
**The Court's memorandum opinions states and relies on the portion of Sec 11 not cited and relied on by the appellant I.e.,**

*"Article 5 Section 11 of the Texas Constitution provides that a judge many not sit in a case in which he has an interest, where either of the parties may be connected to the judge, or where the judge participated in the case as counse. Tex. Const. Art. 11.*

*Sparkman has presented no evidence that any of these situations exist in this case. Therefore, Article 5 Section 11 is inapplicable here."* Top of page 5 Memorandum Opinion.

## PLAINLY

The Court did not address and rule on Appellants **FIRST ISSUE** ; but instead made

its finding on a portion of **Article 5 Art 11** that Appellant **did not cite or rely on as**

**error.**
## PLAINLY

**(a) This is a blatant violation of Appellants due process and equal protection**

**rights. Therefore, the Court's finding is unconstitutional and void as a matter**
11.

**of law.**

**(b) Therefore, it is void as a matter of law!!**

## SECTION 11 OF THE TEXAS CONSTITUTION

*"Article 5 Sec. 11. DISQUALIFICATION OF JUDGES; EXCHANGE OF DISTRICTS; HOLDING COURT FOR OTHER JUDGES. No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Appeals, or any member of any of those courts shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law."*

## NO EQUAL PROTECTION OR DUE PROCESS

Clearly. the memorandum opinion and judgment violates Appellant's due process and equal protection rights. This denial of equal protection of the laws and denial of due process was clearly the product of class based bias and prejudice against pro se litigants . See Griffin V. Breckenridge, 403 U.S. 88, 102 (1971)

## CONCLUSION AND PRAYER

Appellant respectfully requests the Court grant this **Motion for Reconsideration** and reconsider its memorandum opinion and judgment..

For all the foregoing compelling reasons and in the interest of **Due Process and Equal Protection** rehearing and reconsideration is warranted and necessary for the validity of the Court's memorandum opinion and judgment and the Public's faith, trust and confidence in the judiciary, the judicial processes and the administration of justice in Smith County, Texas

Respectfully submitted

Guy Sparkman
420 Haden St.
Tyler. Texas 75701
No phone
Email: gysparkman @yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that April 1, 2015 I hand delivered a true copy of this Motion For Rehearing to the office of the attorneys for the Defendant

Guy Sparkman

13.