## BARTHEL v. STAMM.

### No. 10993.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1944.

Rehearing Denied Dec. 15, 1944.

Geo. Starr Peck, of Atlanta, Ga., for appellant.

Edgar A. Neely, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The petition filed November 25, 1940, by appellee Margarete Stamm as executrix of her husband, Dr. Stamm, claimed federal jurisdiction because of diversity of citizenship, and alleged simply in the first count that defendant Barthel "borrowed from plaintiff's testator on Nov. 30, 1934, ten thousand dollars which is evidenced by a certain check dated Nov. 30, 1934, payable to the defendant, endorsed and cashed by him", which debt remains unpaid, and prayed judgment for $10,000 with interest from said date. The second count in similar words alleged a borrowing of $3,600 on April 24, 1935; and the third count the borrowing of $1,200 also on April 24, 1935. Copies of the three checks with indorsements were attached. Service was made by the marshal on Nov. 29, 1940. The defendant answered the allegations that plaintiff is a citizen and resident of New Jersey and that the action is between citizens of different States by saying, "for lack of sufficient information he can neither affirm nor deny" her citizenship. The Georgia four year statute of limitations was pleaded, and a motion to dismiss was made also on that ground. The petition was on Dec. 6, 1941, amended by attaching a writing in German signed by defendant and addressed to plaintiff's testator, dated at the top Nov. 28, 1934, and at the bottom Nov. 30, 1934, which, as translated by defendant, acknowledges receipt by the borrower from Dr. Stamm of "the amount of $10,000.00 (ten thousand). The loan would be paid back with interest at 7 percent per annum, interest to be paid each half year. Loan can be called every first of October for first of December or every first of January for first of March. In case of my death my lawful heirs are liable for the loan" (with other details not here important). There was also attached a writing in German dated April 20, 1935, signed by defendant and addressed to plaintiff's testator which, as translated by defendant, acknowledges receipt from Dr. Stamm "in April, 1935, $4,800, under the conditions that this would be repaid with 20% profit in course of the next two or three months at currency exchange, the provisions in my letter of November, 1934, prevails, with a bill of exchange of $2.50 in case of depreciation of the dollar. As security I give to Dr. Stamm fifteen percent interest in the Autosan Corporation of America, 1575 Broadway, New York, together with all my right, title and interest therein. Such fifteen percent interest to be retained and held by Dr. Stamm until the debt of $4800.00 shall be paid in full". The amendment also alleged that plaintiff is a citizen of the United States and of the State of New Jersey, having been naturalized Nov. 20, 1925, in Bergen County, New Jersey. Defendant answered the allegation as to citizenship as before. The judge heard the case without a jury and gave judgment for the plaintiff. The defendant appeals, making many contentions of error.

1. As to the federal jurisdiction, it is the citizenship of the plaintiff executrix and not of her testator, who was an alien, that is important. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 186, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904. Her allegations as to her citizenship are sufficiently challenged to put them in issue. Rule of Civil Procedure 8(b), 28 U.S.C.A. following section 723c, provides: "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." The defendant here did not use the precise language of the rule but did say that for lack of sufficient information he could neither affirm nor deny. This is the common form of such pleading in Georgia, and is the substantial equivalent of the language of the rule. Ice Plant Equipment Co. v. Martocello, D.C., 43 F.Supp. 281. The fact of plaintiff's naturalization in New Jersey in 1925 is not a thing that the court could say must have been known to defendant, and that his asserted ignorance was mere pretense and evasion. Plaintiff had the burden of proving her citizenship, it having been sufficiently denied.

Mrs. Stamm testified she was born in Europe. The judge allowed two postponements to permit her to get proper evidence of her naturalization. This delay was a matter in his discretion and not error. She finally presented a document certified July 15, 1943, by the present Clerk of the Court of Common Pleas of Bergen County, New Jersey, to be a correct transcript of the original record in his office,

the judge of the court certifying also according to the Act of Congress, 28 U.S. C.A. § 687. The record thus certified is headed, "United States of America, Certificate of Naturalization, Petition Volume 35, Number 8630"; and is in the exact words of the form prescribed for the judgment or certificate of citizenship in Section 27 of the Naturalization Act of 1906, 34 Statutes, page 605. It is dated November 20, 1925, Bergen County, New Jersey, and signed by the then Clerk of Common Pleas Court under the seal of the court. It is conceded that the court is one authorized to conduct naturalization proceedings under Sect. 3 of the Naturalization Act. The record is not a mere certificate of the clerk that in his opinion Mrs. Stamm was naturalized, but is the contemporaneous minute of the judgment made by the Clerk in the form and in the only form prescribed by the statute. A copy of it is usually delivered to the new citizen and is the certificate referred to in the fee bill of the New Jersey statute,[1] and in Sec. 13 of the Federal Act[2] for "entering the final order and the issuance of the certificate of citizenship thereunder, if granted." Although the court may have entered also an order on the petition for naturalization and this petition and order may be the ultimate proof of what was done, we are convinced that Congress intended that the record which it prescribed should be evidence, at least prima facie, of due naturalization. The certificate resembles the letters testamentary or of administration issued by probate courts, which are usually accepted as prima facie evidence of due appointment and qualification of an executor or administrator. This certified record was admissible as evidence, and prima facie shows plaintiff's naturalization.[3] There is nothing to controvert it. Her residence in New Jersey since is abundantly shown. Federal jurisdiction sufficiently appears.

██ 2. The authenticity of the checks and writings exhibited was not denied on the trial, but it was contended that the original petition was based on verbal or implied promises to repay money which the four year limitation statute of Georgia, Georgia Code Sec. 3-711, would bar, and that the writings attached by amendment were written promises and new causes of action, which could not relate back to the filing of the original suit, and were barred at the date of the amendment by the six year limitation applicable to suits on simple contracts in writing, Georgia Code, 3-705. The Georgia limitation statutes control. We recognize the rule as established in Georgia and elsewhere that a new and distinct "cause of action" introduced by amendment cannot succeed if barred at the time of the amendment, but that a bettering or amplification of the case first sought to be alleged will relate back to the filing of the suit. The Rules of Civil Procedure have abandoned the term "cause of action" and substituted "claim", and they have abolished the old forms of action as separate measures of legal rights. A suit is now brought on a claim, stated in simple and untechnical language. The suit potentially involves the whole transaction which it identifies, and is intended to reach and settle the rights which arise out of the transaction. To this end, amendment is freely allowed. Rule 15(c) reads, "Whenever the claim or defense asserted in an amended pleading arose out of the conduct, trans-

[1] Compiled Statutes of New Jersey, 1910, Vol. 3, Naturalization, p. 3688, P.L.1895, p. 693.

[2] 34 Stat. 600.

[3] The Act of 1906, Sec. 28, refers to the use as evidence of certified copies of * * * certificates '* * * used, filed, recorded or kept, equally with the originals. The Act of March 2, 1929, Sec. 32(b), 45 Stat. 1515, authorizes a "special certificate of citizenship" to be issued to a naturalized person by the Commissioner of Naturalization. Sec. 33 provides for the issuance by the Commissioner of a certificate to the child of a naturalized person, and that "in all courts * * * of the United States * * * and of each State * * * the certificate of citizenship issued under this section shall have the same effect as a certificate of citizenship issued by a court having naturalization jurisdiction." The Act of May 25, 1932, Sec. 4(d), 47 Stat. 166, authorizes the commissioner to issue "certifications of any part of the naturalization records of any court, or of any certificate of citizenship" and provides that the same shall be admissible in evidence wherever the original might be, and the clerk of court is forbidden to make such certifications except on order of the court. Certificates of naturalization apparently have long been issued and recognized by the statutes. The Act of 1940, Sec. 336, 8 U.S.C.A. § 736, expressly requires such certificates to be issued by the clerk.

action, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The original pleading here alleged generally three transactions of borrowing money, each identified as to parties, date and amount, and exhibited the checks as evidence that the money was received by the defendant borrower. The suit was not upon the checks as written instruments, for the cancelled checks evidence no obligation of the payee to repay. They might, so far as they disclose, as well have been gifts or payments of debts as loans of money. They were mere evidence that money had been paid over. The claims thus set forth were not on contracts in writing, and appeared to be barred by the four year statute. The amendment, in nowise abandoning the identity or character of the loan transactions first alleged, exhibited two writings, one relating to the first of the transactions and the other relating to the latter two transactions. These writings are dated two or three days before the checks, but agree with the checks as to amounts, and the evidence leaves no doubt that they refer to the same transactions as the checks do. They are plain acknowledgments of the receipt of the money as loans and of the obligation to repay at times and on terms stated. The claims remain unaltered, the amendment serving only to show that not only were checks passed, but contemporaneously and as a part of the transactions these written obligations were delivered. Under Rule 15, the amendment relates to the date of the original suit; White v. Holland Furnace Co., D.C., 31 F.Supp. 32. The six year limitation applicable to suits on simple contracts in writing controls and the suit was filed in time.

■■■ It is further argued that limitation is a matter of substantive law and not alterable by the Rules of Civil Procedure, and that under the Georgia decisions the introduction by amendment of the written contracts would be a new cause of action which would not relate back to the date of the original suit. We agree that limitation is a matter of substance rather than of procedure; but assuming the Georgia decisions on the effect of an amendment are as asserted, nevertheless the Rules validly fix the potential scope of a petition in a fed-

eral court which identifies a claim, and the relation of an amendment which amplifies and further explains the transaction out of which the claim arises, for these things are procedural. Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement. So long as the amendment is of the sort described in the above quoted Rule it is within the scope of the original suit and a part of it. Michelsen v. Penney, 2 Cir., 135 F.2d 409(8) (9). Before the Rules were formulated the Supreme Court went far in this direction in holding that a suit for a personal injury brought by a railroad employee, which did not mention employment in interstate commerce but relied wholly on rights given by the State law, might be amended after the period of limitation into one alleging employment in interstate commerce and governed by the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., with materially different rights and liabilities; New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294.[4] We think that the amendment alleging these writings as a part of the transactions sued on is effective to show the suit was not barred when filed.

■■■ 3. The plaintiff, an interested party, testified as to some of the communications with her deceased husband which occurred in her presence. The defendant was allowed to testify as to these under Georgia Code, Sec. 38-1603(6). He was, however, held incompetent to testify to an agreement asserted to have been made with the deceased alone to the effect that the money advanced was not to be a debt, but an investment in defendant's fur business and that the writings stating they were loans were to be used only in case of the death of defendant. The exclusion of this testimony on the ground of his incompetency as a witness was correct under Georgia ·Code 38-1603(1), made applicable by 28 U.S.C.A. § 631. It was further inadmissible under the rule that a valid written

---

[4] See also United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745.

contract cannot be varied or contradicted by contemporaneous parol evidence. The writings signed by defendant and delivered to deceased at the time defendant received the checks show the advances of cash to be loans and fix the conditions thereof. The testimony offered was in flat contradiction of the writings.

The other specified errors seem to us unimportant.

Judgment affirmed.