**George DOWDY, d/b/a Texas Sand & Gravel Company, Appellant,**

v.

**PROCTER & GAMBLE MANUFACTURING COMPANY, Appellee.**

**No. 17663.**

United States Court of Appeals
Fifth Circuit.

June 23, 1959.

Rehearing Denied Aug. 13, 1959.

Henry Klepak and Norman Zable, Dallas, Tex., for appellant.

Edward B. Winn, William V. Counts, of Lane, Savage, Counts & Winn, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that defendant was preventing him from proceeding with the performance of his contract with it for gravel excavation and fill, plaintiff brought this suit for an injunction against such interference or, in the alternative, for damages.

As set out in detail in his amended original complaint, plaintiff's claim in summary was: that, responding to a letter of inquiry sent out by defendant, he had made a bid for placement of fill and purchase of gravel under the fill on defendant's property; that, on the basis thereof, he had consummated a contract with defendant, on the faith of which he had made extensive preparations to perform it; and that he is ready, able and willing to do so, but defendant has forbidden him access to the property, is preventing him from carrying out the contract, and is causing him great damage.

Defendant, in its amended answer, admitting that it had solicited bids and that plaintiff had made a proposed bid, denied that it had, or had ever had, a contract with plaintiff. Asserting that plaintiff's complaint was wholly insufficient as a claim, defendant filed its motion "to dismiss for failure to state a claim upon which relief could be granted", and, alternatively, for judgment on the pleadings, and it was presented to, and heard by, the district judge.

Stating that he was of the opinion that the motion should probably be sustained and that "in the nature of a pretrial" he would like to hear testimony on whether a claim could be stated, the district judge heard the testimony of several witnesses and disposed of the case by finding and holding: that the motion to dismiss and for judgment on the pleadings was good and should be granted; that no cause of action had been, or could be, alleged; that leave to file the amendment should be denied; and that judgment should be entered dismissing the suit with prejudice.

This appeal from that judgment, testing for error the findings, conclusions and judgment of the district judge, presents as basic questions whether the action of the court was in accordance with, or in violation of, Federal Rules of Civil Procedure, Rule 8(a) "Claims for Relief",[1] and Rule 15(a) "Amendments".[2]

Earnestly insisting that appellant's complaint complied with the requirements of Rule 8(a) and that if it did not, plaintiff should have been permitted to amend, appellant urges upon us that the judgment should be reversed and the cause remanded for a trial on the merits.

The appellee as earnestly insisting that the complaint did not state a claim and in addition that the district judge tried and correctly determined the case on the merits against appellant, urges upon us that there was no error in the judgment and it must be affirmed.

We do not think so. On the contrary, we think it clear that, while it is certain that the district judge in taking the position in the case and giving it the direction that he gave it, was earnestly endeavoring to determine in justice to both plaintiff and defendant where the truth of the matter lay, it is equally certain that, under settled law in this circuit,[3] he erred in holding that plaintiff's complaint did not state a claim under Rule 8(a) on which relief could be granted. It is also equally true, under the settled law in this circuit,[4] that, if it did not state such a claim, the district judge was in error in dismissing it without granting leave to amend.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

**1.** "Rule 8. General Rules of Pleading.
"(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

**2.** "Rule 15. Amended and Supplemental Pleadings.
"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. * * *" 28 U.S.C.A.

**3.** Weil Clothing Co. v. Glasser, 5 Cir., 213 F.2d 296; Atwood v. Humble Oil & Refining Co., 5 Cir., 243 F.2d 885; Cf. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770.

**4.** Barthel v. Stamm, 5 Cir., 145 F.2d 487; Copeland Motor Co. v. General Motors Corp., 5 Cir., 199 F.2d 566, and Weil Clothing Co. v. Glasser, 5 Cir., 213 F.2d 296.