Henry L. SCHIMPF, Jr., as Substituted Trustee of the Estate of Gertrude Gessler, deceased, Appellant,

v.

Nina Ross GESSLER, as Administratrix of the Estate of John M. Gessler, deceased, Appellee.

No. 17813.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1959.

Edward I. Cutler, Tampa, Fla., for appellant.

David C. G. Kerr, Chester H. Ferguson, Tampa, Fla. (Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla.), for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

The proceedings from which this appeal comes began with the filing of a complaint by Henry L. Schimpf, as Substituted Trustee of the Estate of Gertrude Gessler, deceased, recently appointed by the Orphans' Court of Philadelphia County, Pennsylvania, in the place of Robert M. McCay Green, Trustee, deceased, against Nina Ross Gessler, as Administratrix of the Estate of John M. Gessler, deceased.

6. Cf. Gila Valley, G. & N. R. Co. v. Hall, 1913, 232 U.S. 94, 34 S.Ct. 229, 58 L. Ed. 521, and Steward v. Atlantic Refining Co., 3 Cir., 240 F.2d 715.

Alleging: that prior to plaintiff's appointment as substituted trustee, defendant's decedent, in dealings with the trust estate as agent or purported agent of plaintiff's predecessor, without lawful authorization from the Orphans' Court of Philadelphia County, Pennsylvania as required by its laws, had "wrongfully and without lawful authority appropriated to his own use sums of money greatly in excess of $3000 belonging to the trust estate * * *, the exact amount or amounts of which are not presently known to plaintiff but are in the process of determination in present and future accountings of the trust estate in the Orphans Court of Philadelphia County, Pennsylvania"; that on June 18, 1957, defendant's decedent died and defendant was thereafter duly appointed administratrix of his estate and published notice to creditors requiring the presentation of their claims; that plaintiff duly filed his claim in the County Court, and, thereafter, defendant filed in that court, and served upon plaintiff, her objections, and has failed and refused to pay any part of plaintiff's claim.

On the basis of these allegations, plaintiff sought an accounting from defendant, and a judgment for all sums misappropriated.

Defendant answered this complaint, denied plaintiff's allegations, and filed a counter claim alleging that there was due the estate of her decedent from the plaintiff as trustee $55,000 plus interest. Plaintiff in turn denied the counter claim and later, after the hearing was concluded but before the cause had been decided, sought but was denied leave to file an amendment, alleging that the Orphans' Court of Philadelphia had denied and dismissed defendant's counter claim.

The pleadings standing thus and the court, asking for a statement from the parties as to what the lawsuit was about, plaintiff stated in substance that the proceeding was one for an accounting and that plaintiff, having alleged that he does not know the exact amount which is due, it would seem that the proper procedure was for the court first to determine whether an accounting was due and then to fix the scope and method of the accounting.

Instead, however, of proceeding thus or at least of conducting a pretrial for the purpose of clarifying and settling the issues or taking or requiring some other action which would put the case in line for trial and disposition, the court, at the end of a running colloquy conducted in a sort of rambling Cousin Sally Dillard way, directed that the case should proceed to trial, and the following proceedings were had.

The plaintiff, stating of the defendant, "This is the only witness we have at this time", called her as an adverse party to the stand, and an informal and desultory examination of the witness, whose lack of knowledge of all the matters inquired about was complete, followed. At its conclusion, the court stating that all that he could see in the case was that plaintiff was claiming that something was due him but he didn't know what it was or how much, and that plaintiff had therefore not made out a case, the plaintiff, urging in vain that the court should order an accounting and then when the accounting came in should afford plaintiff an opportunity to consider and rebut it, stated, among other reasons therefor, that there was an accounting being had in Philadelphia in the trust estate itself which would be finished shortly.

The court then stating: "Well, I think your suit perhaps is premature", plaintiff's counsel made the following response. "The accounting is in process there and will be completed shortly. Perhaps the proper procedure would be to wait completion of that accounting. That's why I said in the beginning of this hearing that the court should determine whether there is liability to account first and then determine what the procedure should be. * * * *" Thereupon the court asking: "Do you have any further evidence?" and the plaintiff replying: "Not at this time", the counter claim came on for consideration and was considered without any substantial, relevant and admissible evidence being offered by

**168**

anyone which could be taken as satisfactorily establishing any particular fact.

Recognizing the informal rambling and unsatisfactory nature of the proceedings and stating: "This is kind of a shot in the dark, this whole lawsuit. We have to resort to whatever information is available."; the district judge, as the best that under the circumstances he could do, and as a sort of rusticum judicum, denied the claim of the trustee and allowed the counter claim.

Appealing from the decree, appellant, urging upon us, as to the suit for an accounting that, having at least made a prima facie showing that John Gessler had utilized for his own purposes a substantial sum of trust money, he was entitled to have defendant render an accounting in proper form, insists that the record establishes that such an accounting should be, and has not been, rendered, and that the judgment denying the accounting should be reversed.

As to the counter claim, appellant, pointing to the statement of the judge sustaining the counter claim for over $38,000, that it is "a kind of a shot in the dark requiring the use of whatever information is available", insists that the defendant's evidence offered no information in a legal sense, and the judgment against plaintiff on the counter claim was indeed a shot in the dark and without sound legal basis.

Finally, calling attention to the nature of, and the method employed in, the purported trial below, a sort of trial by colloquy, and citing Mitchell v. Hooper Construction Co., 5 Cir., 265 F.2d 281, to which may be added Dowdy d/b/a Texas Sand & Gravel Co. v. Procter & Gamble Mfg. Co., 5 Cir., 267 F.2d 827, in support of his contention that the method employed, instead of resulting in, precluded, the proper development of the facts, appellant urges upon us that the judgment appealed from should be reversed with directions, to allow plaintiff to amend his answer to the counter claim, to accord due and proper recognition and effect, in the determination of the issues in the case, to the proceedings in the Orphans' Court, and for further and not inconsistent proceedings.

We find ourselves in complete agreement with appellant. Meager and unsatisfactory as the record is, it yet shows: that there were substantial claims and counter claims asserted but not tried in a regular and orderly way; and that it is impossible to draw from the record any real support for the judgments entered.

The judgments appealed from are, therefore, reversed and the cause is remanded for further and not inconsistent proceedings, including orderly procedures in respect to the accounting sought by plaintiff and the counter claim of the defendant, with a full showing as to, and due consideration of, the proceedings in the Orphans' Court.

Reversed and remanded with directions.