[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST TO AMEND COMPLAINT
Gersten Clifford for plaintiff.
Updike, Kelly Spellacy for defendant.
The plaintiff seeks to amend its complaint and the defendant objects and claims the new theories of recovery are barred by the statute of limitations. On March 24, 1992 the complaint was filed alleging four causes of action: negligence, breach of implied warranty and a CUTPA violation. On January 24, 1994 plaintiff filed a request to amend its complaint whereby he alleges negligence, breach of implied and express warranty, negligent misrepresentation and a violation of CUTPA.
The plaintiff is the owner of a building and in 1989 began CT Page 6104 receiving complaints from tenants regarding insufficient and uneven heating and cooling. In the original complaint and the amended complaint this is the nature of the harm the plaintiff alleges. In the first complaint the plaintiff claims architectural drawings submitted by the defendant during the building's construction were negligently prepared causing faulty construction which led to the problems with the heating and cooling system. Apparently during discovery the plaintiff learned the defendant did not actually prepare the plans but reviewed them and placed its seal on the plans which were used which the plaintiff alleges would represent the defendant's "authorship and approval of the plans as a licensed architect." This is the basis on which the plaintiff has filed its amended complaint alleging new theories of recovery. Unless the new theories of relief can be said to relate back to the date of the original complaint they would be barred by the statute of limitations unless the statute were to be tolled by the doctrine of fraudulent concealment.
The initial question is however whether the new claims for relief relate back; are they in fact barred by the statute of limitation? It should be noted that the defendant in opposing the trial will be delayed or that the amendment does not claim enormous added trial preparation will be engendered if the amendment is allowed.
It is clear that in our state we have adopted Federal Rule of Civil Procedure 15(c) in deciding whether an amendment should be held to relate back to the date of the complaint. Giglio v. ConnecticutLight Power Co., 180 Conn. 230, 237 (1980), Sharp v.Mitchell, 209 Conn. 59, 72 (1988). An excellent analysis of Rule 15(c), which the court has heavily relied upon, is set forth in FederalPractice and Procedure, Wright, Miller, Kane, Volume 6A, § 1497, pp 70-103.
As Rule 15(c) states "whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."
The rationale of the relation back rule is to ameliorate the effects of the statute of limitations. Siegel v. Converters Transportation,Inc., 714 F.2d 213, 216 (CA.2d 1983). Because of that the federal courts have determined that "the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned CT Page 6105 in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim . . . raised by the amended pleading." Federal Practice andProcedure supra, § 1497 at page 85. As has been said regarding the relation back doctrine of Rule 15(c) — "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford," Moore's Federal Practice para. 15.15(3), quoted inGiglio v. Connecticut Light Power Co., 180 Conn. at page 240, also see Hockett v. American Airlines, 357 F. Sup. 1343, 1347
(D.C. Ill., 1973). In Tiller v. Atlantic Coast Line Railroad Co.,323 U.S. 574 (1945), the plaintiff amended her complaint after the statute of limitations ran out to add a claim based on the Federal Boiler Inspection Act to the original claim under the Federal Employer's Liability Act. The amendment was held to relate back and the court said:
 The original complaint in this case alleged a failure to provide a proper lookout for deceased, . . . The amended complaint charged the failure to have the locomotive properly lighted. Both of them related to the same general conduct, transaction, and occurrence which involved the death of the deceased. There was therefore no departure. The cause of action now, as it was in the beginning, is the same — it is a suit to recover damages for the alleged wrongful death of the deceased. . . . There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in respondent's yard.
323 U.S. at page 581.
Wright cites another case to underline the rationale underlying Rule 15(c) — fair notice. In Zagurski v. American Tobacco Co.,44 FRD 440 (D.C. Conn. 1987), the plaintiff sought to recover for personal injuries he allegedly sustained from smoking. Originally the complaint was based on negligent manufacture and implied warranties made by advertisements that the cigarettes were safe for use. In the amendment the plaintiff alleged the defendant negligently failed to warn of the inherent dangers of smoking its product. Judge Blumenfeld said that:
 "The defendant has had notice from the beginning that plaintiff is trying to enforce a claim for damages sustained from CT Page 6106 smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly."
44 FRD 443.
In Sharp Mitchell [Sharp v. Mitchell], supra, a theory of action sought to be added in an amended complaint was held not to relate back because of considerations of fair notice and a quote from that case is instructive of the issue now before the court. At 209 Conn. page 73 the court says:
 The actionable occurrence in the original complaint is an allegedly negligent act in supervising employees while the actionable occurrence in the dual capacity counts of the later complaints is allegedly negligent design and construction of the underground storage area. These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of different basis of liability. The fact that the same defendant is accused of negligence in each complaint and the same injury resulted, i.e., the death of three employees by asphyxiation, does not make any and all bases of liability relate back to an original claim of negligence. The defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that Norbert Mitchell, Jr., was negligent in ordering the employees to enter the area.
Unlike the situation in Sharp v. Mitchell, in this case the basic allegation common to both complaints is that certain architectural plans were defective or negligently prepared and this led to improper construction and installation of the heating and cooling system in the plaintiff's building. It is true that the first complaint alleged that the defendant prepared these plans and the amended complaint alleges the defendant reviewed them and put their seal of authorship on them leading the plaintiff to believe the defendant prepared and approved them. However, it would seem peculiarly inappropriate to permit the defendant to rely on a lack of fair notice argument to resist the amended complaint in this case since its own records would have indicated to it that it did not prepare the plans. Cf. Kelcey v. Tankers Company, 217 F.2d 541,542 (CA2, 1954) Taylor v. Reading Company, 23 FRD 186, 191
(D.C. Pa., 1958). As said in the early case of Barthel v. Stamm,145 F.2d 487, 491 (CA5, 1944). CT Page 6107
 "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be and that the form of action or the relief prayed or the law relied on will not be confined to their first statement."
This is not federal court but our appellate courts have instructed us to apply the common sense approach to this problem set forth in Rule 15(c). The objection to the motion to amend the complaint is denied.
Corradino, Judge