[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST TO AMEND COMPLAINT
In this case the plaintiff seeks to amend its complaint and the defendant opposes the attempt by claiming the amendments state new causes of action and the statute of limitations has run. Giglio v. CLP, 180 Conn. 230
(1980) set down the guidelines for our courts and in doing so adopted the so-called relation back doctrine set forth in Rule 15(c) of the Federal Rules of Civil Procedure. The amendment will be allowed under Rule 15(c) if it can be said to relate back to the original action. The federal cases are collected and there is an excellent discussion of Rule 15(c) in Volume 6A at § 1497, "Standard for Determining When Amendments Relate Back — In General" ofFederal Practice Procedure, Wright, Miller, Kane.
In this case in the original complaint an individual firefighter was sued along with the volunteer fire department for whom he was driving a truck. The complaint alleged the individual defendant drove the vehicle negligently and recklessly causing injury to the plaintiff as the result of a collision.
Now the plaintiff seeks to amend the complaint by amending the first count in negligence stating that he was not operating the vehicle in performance of his fire duties and adding several new common law counts directed solely against the individual firefighter which state the truck was being operated by the individual defendant as an agent of the defendant volunteer fire department but was being operated "outside the scope of his authority."
The original complaint is characterized as being based CT Page 688 on Section 7-308 of the general statutes. That statute provides that a municipality will assume liability for damages caused by a fireman for all damages the fireman becomes obligated to pay. The plaintiff does not accept this characterization citing Rowe v. Godou, 209 Conn. 273
(1988) which in overruling a trial court's granting of a motion to strike in dicta noted that perhaps a plaintiff can maintain a common law action against the individual firefighter thereby avoiding perhaps those requirements unique to statutes like § 7-308, cf Henninger, 173 Conn. 52,56 (1977).
Section 7-308 is not mentioned anywhere in the original complaint. A town is only bound by the requirements of the statute if the fireperson at the time of the occurrence "was performing fire duties." This language is not mentioned in the complaint, it is merely alleged that the firefighter defendant here was operating the fire truck as an agent of the volunteer fire department. Furthermore, the statute absolves the town from responsibility if injuries occurred as a result of the "wilful or wanton" conduct of the firefighter. A second count in the original complaint alleges recklessness.
Frankly the statute is somewhat confusing (§ 7-308). Does it create the cause of action against the individual firefighter? At one point it says: "No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman [sic]" unless certain conditions are met. But earlier on it says the town is obligated to pay any damages imposed on the firefighter by law. In any event, the firefighter remains a party to the case even when the municipality enters its appearance and the town is liable only after the trier of fact determines the firefighter is obligated to pay.
For these reasons I have difficulty in saying that even if the first count was based on § 7-308 that should preclude the ordinary application of the relation back doctrine as set forth in Giglio v. CLP, supra.
The court will now turn to what might be called the merits of whether the amendment should be allowed here. It must be kept in mind that the whole rationale of the CT Page 689 relation back rule is to ameliorate the effect of the statute of limitations, Siegel v. ConvertersTransportation, 714 F.2d 213, 2166 (CA 2, 1983). The policy behind Rule 15(c) is a very liberal one as said in Wright at § 1497 p. 93.
 "An approach that better reflects the liberal policy of Rule 15(c) is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question."
As one federal court has said:
 "Limitation is suspended by the filing of a suit because it warns the defendant to collect and preserve his [sic] evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement." Barthel v. Stamm, 145 F.2d 487, 491
(CA 5, 1944).
There is no reason why this common sense approach can't be applied to state practice and the reference inGiglio to Rule 15(c) is an indication that this should be so.
Applying this reasoning to the case before the court and the motion to amend the complaint it would be difficult to credit an argument by the defendant firefighter that his status and scope of employment at the time of the accident CT Page 690 wasn't something immediately brought to his attention by the very bringing of the lawsuit. Interestingly the first count of the original complaint states the vehicle was operated by the defendant" as the agent/servant and/or employee of . . ." the fire department and the vehicle he was driving was being operated "within the scope of his authority to operate said vehicle" for the department." (par 4) Section 7-308 itself requires more than this for the city to assume an obligation to pay damages — under the statute the fireperson must be "performing fire duties." Clearly this defendant was put on notice that his status in operating the vehicle was not only a possible but a real issue in this case. Neither is this the Sharp v. Mitchell,209 Conn. 59 (1988) case. There the original complaint alleged the workers were injured because they were ordered to enter an underground area which was without adequate ventilation and which contained toxic fumes. The proposed amended complaint alleged the underground storage area was negligently designed. The court noted the first complaints alleged negligent supervision. The later complaints alleged negligent design. Obviously the complaints set forth two entirely different sets of circumstances and depend on entirely different facts. id. at page 73.
Here the factual basis of the liability claim in both cases is the same and the status and scope of activity of the defendant at the time of the accident as an issue in the case was a factor of which he had notice when abode service was made.
The motion to amend is therefore granted.
Corradino, J.