[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S REQUEST TO AMEND COMPLAINT
In this case, the plaintiff filed a request for leave to amend her complaint January 2, 1998. The defendant Town of Seymour objects and argument was held May 4, 1998.
This is a case where the plaintiff alleges she fell and was injured as she was exiting a public school in the Town of Seymour. The plaintiff seeks to file an amended complaint and the defendant has objected. As will be discussed, the necessary test as to whether an amendment should be allowed is fact-centered; the court must look to the facts alleged in the original pleading and then examine the proposed amended pleading for the facts alleged there. Therefore, it is necessary to set out the relevant factual allegations in each pleading.
The original complaint of December 5, 1991 states the following as regards the occurrence of the accident:
 "12. At or between the hours of 6:00-6:30 p. m., and while it was dark outside, Mrs. Carlino exited the school and headed toward the parking lot. CT Page 7627
 13. As Mrs. Carlino was exiting the school, and while she was feeling her way through the darkness, she stepped on a patch of ice which caused her feet to skid out from under her.
 14. Mrs. Carlino fell backwards, landed on both hands, struck her head and lost consciousness."
Paragraph 23 states that on the date of the accident and prior to it the
 ". . . Town was charged with a duty of maintaining and repairing buildings and grounds at the School and to keep them in a reasonably safe condition."
Paragraph 24 goes on to allege that at such time the
 ". . . Town negligently and carelessly failed to carry out this duty to maintain and repair the buildings and grounds at the School to keep them in a reasonably safe condition."
Paragraph 25 claims the injuries suffered by the plaintiff were:
 ". . . [C]aused by the negligence and carelessness of the defendant town, in that the defendant town failed to maintain and repair the buildings and grounds at the school to keep them in a reasonably safe condition by:
 a.) Permitting a defective and dangerous condition to exist at the School, in that the exit from the School to the parking lot was not properly illuminated,
 b.) Having notice and knowledge of this defective and dangerous condition yet failing to repair it in a timely manner,
 c.) Failing to properly warn of the hazards this defective and dangerous condition posed to Mrs. Carlino and others; and
 d.) Failing to provide a safe alternative means of exiting the School." CT Page 7628
The proposed amended complaint which was filed January 2, 1998 makes no new factual allegations and repeats the above quoted paragraphs 12, 13, 14, 23 and 24.
The paragraph sought to be amended is paragraph 25 which makes a general negligence claim in the introductory paragraph but then makes the following specifications of negligence:
 "(a) Permitting a dangerous and defective condition to exist at the school, in that the exit from the School to the parking lot was not properly illuminated;
 (b) Permitting a defective and dangerous condition to exist at the School, in that the grounds from the exit area of the school to the parking lot were covered with patches of ice;
 (c) Having notice and knowledge of these defective and dangerous conditions yet failing to repair it in a timely manner;
 (d) Failing to use reasonable care under the circumstances then and there existing:
 (e) Failing to properly warn of the hazards the defective and dangerous conditions posed to Mrs. Carlino and others; and
 (f) Failing to provide a safe alternative means of exiting the School."
Subparagraphs (b) and (d) are the objected to amendments.
The objection is based on two grounds. First, it is argued that the fall and injuries occurred eight years ago. The new allegations invoke a different set of circumstances and depend on different facts, thus a new cause of action is asserted which is barred by the statute of limitations. Fair notice has not been given and the new allegations should not be held to relate back to the date of the original complaint.
A related but separate claim is that permitting the amendment would unfairly prejudice the defendant and cause unnecessary delay. CT Page 7629
 (A)
The bar of the statute of limitations is avoided if the amendment can be said to relate back to the date of the original pleading; "amendments relate back to the date of the complaint unless they allege a new cause of action." Keenan v. Yale NewHaven Hospital, 167 Conn. 284, 285 (1974). Rather than approaching the problem from the perspective of analyzing the abstract definition of what is a cause of action, cf. Viets v.Hartford, 134 Conn. 428, 434 (1948), our court took a result orientated and practical approach by saying the relation back doctrine "is akin to rule 15 of the Federal Rules of Procedure."Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239
(1980) . Under that rule, the purposes behind the statute of limitations is emphasized. Giglio quoted from Hockett v. AmericanAirlines, Inc., 357 F. Sup. 1343, 1347-1348 (N. D., Ill . 1973) where the court said the relation back doctrine as expressed in Rule 15(c) "is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford . . . [an] amendment will not relate back unless the original pleading has given fair notice to the adverse party that a claim is being asserted him (sic) from some particular transaction or occurrence." In Sharp v. Mitchell,209 Conn. 59, 72 (1988), the court again categorized our relation back doctrine as being "akin to" federal practice under Rule 15(c).
Since fair notice is the test the original pleadings must be examined and compared with the amended pleadings, the court must determine if the facts and circumstances set forth in the original complaint give fair notice to the defendant of the claims being made in the amended pleadings or whether new facts and circumstances are being asserted. This is the procedure used by the court in Sharp v. Mitchell, 209 Conn. at pp. 72-74;Gurliacci v. Mayer, 218 Conn. 531, 548-548 (1991); Giglio v.Connecticut Light Power Co., 180 Conn. at pp. 238-239. In other words, fair notice is a fact-based comparison test. A leading commentator on federal practice has gone so far as to say that:
 ". . . [T]he federal rules represent a shift away from the rigidified notions of `forms' and `causes of action' to more functional concepts phrased in terms of the underlying conduct, transaction, or occurrence that CT Page 7630 provides the background of the dispute."
The commentator even goes on to say that:
 "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."
Federal Practice Procedure, Wright, Miller Kane, Vol. 6A, § 1497, pp. 94-95, see cases cited at footnote 40.
The discussion in Wright Miller makes clear that the federal courts take a very liberal attitude under Rule 15(c). Some comments made in federal cases allowing the amendments before those courts are instructive. Thus, in Castlegate, Inc. v.National Tea Co., 34 F.R.D. 221, 225 (D.C., Colo., 1963), the court said:
 "The amended complaint does not introduce any basically new material but rather is an alignment of the old elements and ingredients with somewhat different emphasis. Thus the matters set forth in the amended complaint relate back to the original filing in which the discrimination charges were asserted." (Original claim under Sherman and Clayton Acts, plaintiff permitted to allege with greater specificity defendant's price discrimination activities.)
In Wisbey v. American Community Stores, 288 F. Sup. 728,732 (D.C., Neb., 1968), the court said:
 "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings."
In Jackson v. Airways Parking Co., 297 F. Sup. 1366, 1382, D.C., Ga., 1969), the court said:
 "The point of Rule 15(c) is that it is fair to have an amended complaint relate back if the initial complaint put the defendant on notice that a certain range of matters was in controversy and that the amended CT Page 7631 complaint falls within that range. . . . Notice not mechanical notions of cause of action for res judicata purposes, is the key."
The starting point then in applying the relation back test is to first examine the factual allegations of the original complaint to determine whether they can be said to give fair notice of the suggested amendment. Before that analysis is done in this case it would be helpful to examine in some detail how our courts have applied the reasoning that has just been discussed.
There are really two categories of cases. The first category is defined in Giglio v. Connecticut Light Power Co., supra. There the original complaint made very general allegations that the furnace which had emitted flames injuring the plaintiff was sold "in a defective condition," the "tortious conduct" of the defendant caused the explosion, the defendant allowed a safety unit on the furnace to be used "although they knew or should have known that said purported safety unit was defective and inherently dangerous." 180 Conn. at pp. 238-239. The court upheld the trial court's allowance of an amendment which apparently actually specified the defects in the furnace system. The court relied on an older case. Gallo v. G. Fox Co, 148 Conn. 327 (1980) which analyzed the problem using the older is it the same cause of action analysis to determine whether the amendment should have been allowed. The answer is yes if the amendment merely amplifies or expands what already has been alleged, id p 330. Then as previously noted Giglio went on to refer to Rule 15(c) and the "fair notice" test of that rule. Giglio seems to stand for the proposition then that if broad allegations of negligence are made without particularizing the allegedly wrongful conduct, an amendment will be allowed that seeks to specify the type of conduct or omission that in fact is negligent. Fair notice is given by the original complaint. As one early federal case put it:
 "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his (sic) evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the CT Page 7632 relief prayed or the law relied on will not be confined to their first statement," Barthel v. Stamm, 145 F.2d 487, 491 (CA5, 1944).
Also see Tiller v. Atlantic Coast Line R Co, 323 U.S. 574, 581
(1945), Zaqurski v. American Tobacco Co., 44 FRD 440, 442-443
(D.C. Conn., 1967) The defendant can protect itself by a request to revise and by resorting to our liberal discovery procedure. What the defendant cannot do is lay back and cry foul months or years after litigation has commenced after these defense mechanisms have not been taken advantage of — the original suit with its broad claims gave all the notice the defendant is entitled to receive at the commencement of litigation.
Another category of cases is presented by those situations which do not rely on merely general allegations of tortious activity but specifically reference certain facts on which a claim for relief is based. An amendment is then filed which refer to additional facts or circumstances. The question then becomes — do the new facts alleged merely amplify, expand or explain previous allegations or is an entirely new set of facts and circumstances raised presenting an unexpected claim of liability.
Two appellate cases illustrate this issue. In Sharp v.Mitchell, 209 Conn. 59 (1988) the original complaint was based on a theory of negligent supervision. It specifically alleged the deaths of the plaintiff's decedents were caused by ordering them into an unsafe underground work area. The plaintiffs then sought to amend the complaint by alleging the defendant had negligently designed and constructed the same underground work area. The court held an amendment would be improper because the "complaints involve(d) two different sets of circumstances and depend on different facts"; there was no "fair notice" of the claim of negligent design and construction; the defendant would have been required to gather different facts and witnesses to defend the amended claim, id p 73. Also see Niper et al v. Johnston et al,6 CLR 11, 113 (1992).
In Patterson v. Szabo Food Services of New York,14 Conn. App. 178 (1988) the amendment was not allowed because the substitute complaint presented a "new and different factual situation from that stated in the original complaint", id p 183. Both complaints sounded in negligence but "the original cause of CT Page 7633 action was based upon a claim that the defendants failed to clean the floor and keep it free of food deposits. The new cause of action is based upon a claim that the defendant installed or maintained a highly polished and slippery terrazzo floor and employed a method of food distribution which created a dangerous condition on the slippery floor," id p 183.
 (1)
How should these principles be applied to the case now before the court and the amendment. The court shall use the two categories of analysis just discussed and begin with the second category which deals with the concerns raised in Sharp v.Mitchell, supra and Patterson v. Szabo, supra. Here the proposed amendment seeks to add a specification of negligence that the defendant was negligent in permitting a dangerous and defective condition in that the grounds from the exit to the school were covered with patches of ice. Does this raise an entirely new set of facts and circumstances not alluded to in the original complaint? The answer is no. The original complaint in paragraph 13 noted the plaintiff had to feel her way through the darkness and while she was doing so "she stepped on a patch of ice which caused her feet to skid out from under her". In paragraph 25 where the negligence theory is set out the defendant town is accused of negligence and carelessness in that they "failed tomaintain and repair the buildings and grounds to keep them in a reasonably safe condition". (emphasis added). Clearly the underlined language can be said to refer to more than just the illumination of the exit area from the school; it also talks about the maintenance of the grounds of the school which on a fair reading would refer to ice conditions. Paragraph 25 on subparagraphs (a)(b) and (c) do refer to the operative defective condition as being a failure to properly illuminate but a fair reading of the patch of ice language in paragraph 13 and the above referenced introductory careless maintenance of the grounds allegation in paragraph 25 would certainly provide fair notice that a claim was being made that poor illumination in conjunction with and along with patches of ice in the route of exit led to the fall. Besides subparagraph (d) of paragraph 25 does not contain any limiting language but states the defendant town was negligent in "failing to provide a safe alternative means of exiting the school" — if you do not turn on the lights and/or remove the ice you could have a problem if someone falls and both lighting and ice were mentioned in paragraph 13. CT Page 7634
In other words this is not a Sharp v. Mitchell or Pattersonv. Szabo case. The proposed amendment does not import new facts and circumstances into the suit, the circumstance of the ice condition and improper maintenance of the grounds where ice would form is already alluded to in the original complaint. It is not a situation which can be categorized as "unfair" because, by allowing the amendment, the defendant is "required to gather different facts evidence and witnesses to defend the amended claim", Gurliacci v. Mayer, 218 Conn. 531, 549 (1991) rather it is a situation where the defendant having been adequately warned by the original complaint should have and could have gathered the necessary evidence, facts and witnesses to defend itself, see above quote from Barthel v. Stamm, supra.
The defendant notes in its brief that throughout discovery the plaintiff has done little or nothing to pursue the issue of plowing and sanding with town employees. But that cannot be used as a reason to conclude that fair notice of the claim has not been given to the defendant ab initio to defend itself as it sees fit. Besides the plaintiff has attached depositions to its brief where ice conditions, plowing responsibility etc was explored.
In any event, applying the reasoning of the second category of cases as represented by Sharp v. Mitchell, the court concludes no new facts and circumstances are alleged by the proposed amendment such that it can be said that fair notice was not given by the original pleadings.
 (2)
If the reasoning of the first category of cases is applied, represented by the Giglio line of decisions, there is further reason to allow the amendment. As noted Giglio and the federal cases cited involve situations where general claims of negligent activity are made as regards a particular transaction or occurrence with no reference in any detail to particular specifications of negligence. Under such circumstances, Giglio
and the federal courts are especially liberal in allowing a plaintiff to amend the complaint by adding specific ways in which the defendant was negligent. See, Tiller v. Atlantic Coast LineRr Co., supra, Zagurski v. American Tobacco Co., supra, Barthel v.Stamm, supra.
Here the incident and how the lady fell was broadly defined — she fell on ice in a poorly lit area. CT Page 7635
A general allegation of negligence is made in the introductory language of paragraph 25 and then subparagraph (d) of that paragraph states that the defendant was negligent in failing to provide the plaintiff a safe alternative means of exiting the school. That is a broad allegation of negligence, the very liberal federal cases just cited would say that it provided fair notice of what the defendant should be held to expect in the litigation, the whole purpose of liberal amendment practice is to avoid common law pigeon hole pleading so the amendment should be allowed under the liberal analysis applied in the federal courts.
For the foregoing reasons, the court concludes that the proposed amendment should not be barred because it states a new cause of action or because the defendant was not given "fair notice".
 (b)
Apart from whether the amendment presents a new cause of action or the claim of lack of fair notice, the broad claim is made by the defendant that the amendment should not be allowed because it would cause unnecessary delay, no meaningful investigation can now be had. It is unclear why no meaningful investigation can now be had on this matter and why what are only factual allegations cannot be explored by further depositions and discovery. The defendant makes much of the fact that eight years have passed since the incident and memories fade, depositions were held years ago. But suit itself was not brought until almost two years after the incident. Certainly any patches of ice would have melted by then and the court has no reason to believe that memories of this incident and the conditions surrounding it would have been remembered two years after it happened but certainly not after eight years. Trial of this matter is scheduled for October 1998, the first reference to a possible amendment to the complaint was made during argument in December 1997 and the request to amend was filed January 2, 1998. If further discovery or time to prepare is necessary the court will specially and directly schedule any motions on its short calendar docket through its clerk without the need for counsel to claim matters by ordinary procedure.
In any event the request for leave to amend is granted.
CORRADINO, J. CT Page 7636